## JOHN A. BRAHM *et al.*

*v.*

## JOHN P. ADKINS.

| 77 | 263 |
|---|---|
| 35a | 326 |
| 77 | 263 |
| 140 | 150 |
| 77 | 263 |
| 163 | 73 |
| 163 | 82 |
| 77 | 263 |
| 165 | 114 |
| 77 | 263 |
| 182 | 376 |

1. BANKER—*evidence of deposit.* A paper headed with the names of bankers, showing that a party has made a deposit with them, and the amount thereof, and signed by the bankers, is *prima facie* evidence, against the bankers, of a general deposit.

2. SAME—*not liable for deposit without previous demand.* In case of a general deposit of money with a banker, a previous demand by the depositor, or some other person by his order, is indispensable to the maintenance of an action for such deposit, unless circumstances are shown which amount to a legal excuse.

3. DEPOSIT. A deposit is general unless the depositor makes it special, or it is made expressly in some particular capacity. On such a deposit there will be an implied promise on the part of the bank receiving it to restore, not the same funds, but an equivalent sum, when demanded.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action of assumpsit, by John P. Adkins against John A. Brahm and William G. Greene, bankers, to recover the amount of a certain deposit.

On the trial the plaintiff offered in evidence a paper, or memorandum, which is as follows:

"BRAHM & GREENE, BANKERS.

PETERSBURG, ILL., *May 12th,* 1873.

Deposited by John P. Adkins:

Rup & G. on track.... .....................$825.00

"       "       "      ......................... 169.65

$994.65

Off............................................. 194.65

$800.00

BRAHM & GREENE, *per* Z."

Mr. EDWARD LANNING, and Mr. T. W. McNEELEY, for the appellants.

Messrs. WHITNEY & HOAGLAND, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of assumpsit, in the Menard circuit court, by appellee against appellants, to recover of the latter, as bankers, a balance of an amount deposited by appellee with them.

Upon the trial, on general issue pleaded, the plaintiff gave in evidence a mere written memorandum, showing the several amounts deposited with defendants, as bankers. There was no evidence of any demand. The plaintiff recovered. The defendants tendered a bill of exceptions, showing that the above was all the evidence, and appealed to this court.

The paper introduced in evidence showed merely the fact that defendants were bankers, a deposit with them by plaintiff, and the amount thereof. It was *prima facie* a general deposit. A deposit is general unless the depositor makes it special, or deposits it expressly in some particular capacity. *Keene* v. *Collier,* 1 Metc. (Ky.) 415; *In the matter of Franklin Bank,* 1 Paige, 249.

This, then, upon plaintiff's own showing, was the ordinary case of a deposit of money with bankers, and there was an implied undertaking on their part to restore, not the same funds, but an equivalent sum, whenever it should be demanded. Story on Bailments, sec. 88 ; *Marine Bank* v. *Rushmore*, 28 Ill. 463 ; *Boyden* v. *Bank of Cape Fear*, 65 N. C. 13.

Unless circumstances are shown which amount to a legal excuse, a previous demand by the depositor, or some other person by his order, is indispensable to the maintenance of an action for such deposit. Morse on Banking, 29 ; *Downes* v. *Phœnix Bank of Charlestown*, 6 Hill, 297 ; *Johnson* v. *Farmers' Bank*, 1 Harr. (Del.) 117 ; *Farmers' Bank* v. *Planters' Bank*, 10 Gill & J. 422 ; *Watson* v. *Phœnix Bank*, 8 Metc. (Mass ) 217 ; *Girard Bank* v. *Bank of Penn Township*, 39 Penn. St. 92 ; *McEwen* v. *Davis*, 39 Ind. 109.

The plaintiff failed to show a cause of action, and the court therefore erred in denying the motion for a new trial, and giving judgment upon the verdict, wherefore the judgment must be reversed and the cause remanded.

*Judgment reversed.*