Peck v. Trumbull.

---

AMOS PECK, PLAINTIFF IN ERROR, v. W. H. TRUMBULL, DEFENDANT IN ERROR.

1. Contracts: ACTION. One T. raised a crop of wheat on shares on the land of P., the contract being that P. was to have one-half of the wheat and pay one-half of the threshing. T. procured the threshing to be done, paid one-half of the same and gave his note for the remainder, which was paid before the trial. Before the note was paid T. brought suit against P. for one-half of the threshing. *Held*, That as T. was liable for the threshing he could maintain the action.

2. Counter-claim. An answer setting up a counter-claim must state facts, not mere conclusions of law.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The facts appear in the opinion.

*J. H. Foxworthy,* for plaintiff in error.

*A. C. Ricketts,* for defendant in error.

MAXWELL, CH. J.

In the year 1877, the plaintiff and defendant entered into a contract, whereby Trumbull was to raise a crop of wheat in the year 1878, on certain lands of the plaintiff, the conditions of the contract being that Peck was to furnish the land and seed wheat and a man and team to assist in threshing. The wheat was raised as agreed upon, and to this point the parties agree, but Trumbull contends that Peck was also to pay one-half of the cost of threshing. This is denied by Peck and is the question in dispute. Judgment was rendered in favor of Trumbull, who was plaintiff in the court below. Peck, the defendant there, brings the cause into this court by petition in error.

The testimony is conflicting, but in our opinion there is a clear preponderance sustaining the verdict of the jury.

The court instructed the jury that: "If you find from the evidence that by the terms of the contract made between the plaintiff and defendant, the defendant was to pay one-half of the cost of threshing the wheat raised by the plaintiff on defendant's land, and if you further find that plaintiff procured the threshing to be done, and before the commencement of this action paid his share of the threshing bill and gave his note to the thresher for the share the defendant was to pay and has since paid said note, then plaintiff is entitled to recover one-half of the cost of said threshing." This instruction was excepted to and the giving of the same is now assigned for error.

The instruction was applicable to the testimony and is not erroneous. Trumbull had employed the threshers and was liable to them for the threshing. There was no privity of contract between Peck and the threshers, and the only question to be determined is, whether Peck is liable to Trumbull for one-half of the cost of the threshing. The entire debt was not paid at the time the action was commenced, but a note had been given by Trumbull which has since been paid. This is not an action for money paid by Trumbull for the use of Peck, but upon a breach of the contract. If the jury believed from the evidence that the contract was as stated by Trumbull, and that he incurred the debt for the threshing, one-half of which Peck was to pay, he can maintain the action even without payment of the debt. And this is the only issue presented by the pleadings. But having given his note for the same and afterwards paid it, Peck has no cause of complaint because the money was not paid at once. There was no error therefore in giving the instruction.

The instructions asked on behalf of Peck were not applicable to the testimony and were properly refused. A counter-claim of $50.00 is set up by Peck because the land was not properly cultivated, the allegations of the answer on that point being that the land "would have produced with proper cultivation and management at least twenty-five bushels of wheat per acre, amounting to five hundred bushels, but that plaintiff did not cultivate said land in a proper workmanlike and farmlike manner, but on the contrary cultivated the same in such a careless, negligent and reckless manner, that instead of producing five hundred bushels it produced three hundred and sixty-four bushels of wheat," etc. In what respect Trumbull failed to properly cultivate the land we are not informed. An answer of this kind should show in what the failure consists, whether in ploughing, sowing, harvesting or threshing, but there is no statement of facts

that would entitle Peck to recover. A counter-claim is in the nature of a cross action, and the answer in such case must show a liability on the part of the plaintiff. Bliss on Code Pleading, sec. 367. And if it fails to do so it, like a defective petition, will be unavailing. But if we treat the answer as stating a cause of action, still the proof fails to sustain it. The crop of wheat is shown to have exceeded eighteen bushels per acre and to have been above the average and the cultivation good, and whether different cultivation would have produced a greater yield must be left to conjecture and is too uncertain on which to predicate a claim for damages. There is no error in the record and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.