THE BOARD OF COUNTY COMMISSIONERS OF SEWARD COUNTY, PLAINTIFF IN ERROR, V. JOHN CATTLE, SR., AND CHARLES W. BARCLAY, PARTNERS, ETC., AS THE STATE BANK OF NEBRASKA, DEFENDANTS IN ERROR.

**Taxes:** UNINCORPORATED BANKS. The bank made the following report to the assessor for assessment for the year 1881:

Assessor for G. Precinct, Seward county, Nebraska.

NAME AND LOCATION OF BANK OR FIRM.

Name, State Bank of Nebraska. Location, Seward, Neb.

VALUE.

1. The amount of property on hand or in transit......$ 8,356 12
2. The amount of funds in the hands of other banks, bankers, brokers, or others, subject to draft........ 15,962 46
3. The amount of checks or other cash items, the amount thereof not being included in either of the preceding items...... ......................................... 267 32
4. The amount of bills receivable, discounted, or purchased, and other credits due or to become due,

Seward County v. Cattle.

including accounts receivable, and interest ac-
crued but not due, and interest due and unpaid... 4,436 32

5. The amount of bonds and stocks of every kind,
State and county warrants, and other municipal
securities, and shares of capital stock of joint
stock of other companies or corporations, held as
an investment, or any way representing assets....   000 00

6. All other property appertaining to said business
other than real estate (which real estate shall be
listed and assessed as other real estate is listed and
assessed under this chapter).............................   000 00

7. The amount of deposits made with them by other
parties................................................. 29,022 22

8. The amount of all accounts payable, other than
current deposit funds.................................   000 00

9. The amount of bonds and other securities exempt
by law from taxation, specifying the amount and
kind of each, the same being included in the pre-
ceding fifth item....................................   000 00

The board of equalization thereupon fixed the amount, for which
said unincorporated bank was assessable and taxable for said
year, at $24,585.90. *Held*, Correct, and the action of said
board sustained.

ERROR to the district court for Seward county. Tried below before POST, J.

*D. C. McKillip*, for plaintiff in error, cited: *State v. Keim*, 8 Neb., 67. *Bank v. Gandy*, 11 Neb., 434. *Ellis v. Link*, 3 Ohio State, 72. *Jones v. Seward Co.*, 10 Neb., 161.

*George W. Lowley*, for defendant in error.

COBB, J.

Pursuant to the requirement of law and the notice of the precinct assessor, the State Bank of Nebraska, an unincorporated private bank, located at Seward, in Seward county, and of which the defendants in error are the owners, made out and furnished to the assessor a sworn statement, of which the following is a copy:

Assessor for G. Precinct, Seward county, Nebraska.
NAME AND LOCATION OF BANK OR FIRM.
Name, State Bank of Nebraska.   Location, Seward, Neb.

VALUE.

1. The amount of property on hand or in transit.................................................$ 8,356 12

2. The amount of funds in the hands of other banks, bankers, brokers, or others, subject to draft.......................................... 15,962 46

3. The amount of checks or other cash items, the amount thereof not being included in either of the preceding items.................. 267 32

4. The amount of bills receivable, discounted, or purchased, and other credits due or to become due, including accounts receivable, and interest accrued but not due, and interest due and unpaid.................................. 4,436 32

5. The amount of bonds and stock of every kind, State and county warrants, and other municipal securities, and shares of capital stock of joint stock of other companies or corporations, held as an investment, or any way representing assets.......................... 000 00

6. All other property appertaining to said business other than real estate (which real estate shall be listed and assessed as other real estate is listed and assessed under this chapter) 000 00

7. The amount of deposits made with them by other parties...................................... 29,022 22

8. The amount of all accounts payable, other than current deposit funds...................... 000 00

9. The amount of bonds and other securities exempt by law from taxation, specifying the amount and kind of each, the same being included in the preceding fifth item............ 000 00

### SUMMARY.

| | | |
|---|---|---|
| Amount of first item...............$ 8,356 12 | | |
| Amount of second item.............. 15,962 46 | | |
| Amount of third...................... 267 32 | | |
| Aggregate carried to last column as "moneys"........................... | | $24,585 90 |
| Amount of sixth item carried to last column........................... | | 000 00 |
| Amount of fourth item.............. 4,436 32 | | |
| Deduct amount of seventh item $29,022 22 | | |
| Deduct amount of eighth item 000 00 | | |
| Remainder carried to last column as "credits"........................... | | 000 00 |
| Amount of fifth item.................. 000 00 | | |
| Deduct amount of ninth item....... 000 00 | | |
| Remainder carried to last column as "bonds or stocks".............. | | 000 00 |
| Total assessed valuation........ | | $ 000 00 |

I, C. W. Barkley, cashier, do solemnly swear or affirm that I have listed above or within all the personal property, money, and credits, subject by law to taxation and required by law to be listed by me for Bank (not incorporated), Banker, Broker, or Stock-Jobber, according to the best of my knowledge.

Subscribed in my presence and sworn to before me this 28th day of May, 1881.

WM. IMLAY,

*Assessor for G, Seward county, Nebraska.*

The same was received by the assessor, and the sum of $29,022.22 was put down to and assessed as the valuation of said bank, for the purpose of taxation for said year 1881. Afterwards, and while the county commissioners of said county were in session as a board of equalization,

there was presented to said board a petition, as follows, to-wit: "To the board of equalization of Seward county, Nebraska: Petition, John Cattle, Sr. and Chas. W. Barkley now come and petition the board of equalization to correct the assessment of the State Bank of Nebraska. Seward, of which he is the sole owner except that Chas. W. Barkley is the owner of the undivided one-sixth part of said bank; on the 25th day of May, 1881, for the following reasons, to-wit: That the first three items of said list is the money of depositors, as well as the fourth item, bills receivable, in which their money was invested, said bank having no capital, moneys, or other property, except what was invested in the bank building.   That the assessment list of said bank shows the first three items of said list as it were the money and property of the bank, when in truth and in fact it was the money and property of depositors—a copy of said assessment list is made a part of the affidavit of John Cattle, Sr., which, together with the affidavits of Chas. W. Barkley, the cashier, and Carl A. Bemis, the bookkeeper of said State Bank of Nebraska, is made part of this petition, and marked A B & C.   Petitioner avers that said list as made out—the money of depositors is counted twice, and the said list was made in the manner it was through a mistaken belief as to the requirements of the blank list requiring him to show where the depositors' money was, and how invested, wherefore he asks that the first three lines of said list be stricken out, and the first three lines of the summary be stricken out and then said assessment list will be correct," etc.

A time was set for a hearing in said matter, and upon a full hearing the board of equalization made the following order as a final decision thereof.   After reciting the proceedings and evidence, " And on a review of the proceedings as appears to be just, it is ordered that the petition of the State Bank of Nebraska be and the same is hereby overruled, and it is further ordered that the said assess-

ment be, and the same is hereby corrected, so that the amount included in the 7th and 8th items in said return be deducted from the amount of the 4th item, and that the amount of said return of said Bank in the 1st, 2d, and 3rd items be returned as the assessed valuation of said State Bank of Nebraska, to-wit, the sum of $24.585.90."

The cause was then taken to the district court on error by the said John Cattle, Sr., and Charles W. Barkley, where, upon the final hearing thereof, the said district court entered its judgment therein, whereby the said order, decision, and proceedings of the board of equalization herein were reversed, whereupon the said cause was by the said board of county commissioners brought to this court on error.

It does not seem to me that section 30, of article 1, of chapter 77, Compiled Statutes, providing for the listing of the property of bankers, etc., is open to the charge of being vague or of doubtful meaning. The defendants in error understood it, for they made their return in strict accordance with its provisions. Nor is it at all inconsistent with the provisions of law applicable to individuals not bankers. Nor is it inconsistent with the provisions in relation to taxation of national and state banks.

When the owner of money makes a general deposit of it in a bank, it ceases to be his money, and instantly becomes the money of the bank, and he becomes the creditor of the bank to that amount. He is not required to give this in to the assessor as money, but as a credit, and if he is also indebted, he may deduct the amount of such debt therefrom. But if he keeps the money on hand, he must give it in to the assessor as money and cannot deduct anything therefrom on account of what he may be owing to others. In framing the provisions of law for the taxation of unincorporated banks, bankers, brokers, and stock jobbers, it was for manifest reasons deemed necessary to treat their funds, placed in the hands of their correspondents for the

purpose of making exchange, as still their money, and not as a deposit, and this is the only distinction made in the law between such banks and private tax-payers. They are allowed to deduct the amount of their *bona fide* debts for money deposited, as well as the amount of all accounts payable, other than current deposit funds, from the amount of bills receivable, etc., but not from the amount of money either on hand, in transit, or in the hands of correspondents.

The shares of stock of state and national banks represent their capital, as well as the deposits, bills receivable, and other property of the bank, with certain exceptions, and are taxed at their market value.

With due respect to the evidence in the case, to the effect that the defendants in error reported the three first items of their return by mistake, we think that they made exactly the report which the law required, and in a proper case would compel them to make, and which is plainly indicated by both the letter and the spirit of the statute.

The judgment of the district court is reversed and the proceedings and order of the board of county commissioners sitting as a board of equalization, are reinstated and affirmed.

JUDGMENT ACCORDINGLY.