ALBERT T. NICHOLS v. STATE OF NEBRASKA.

FILED JANUARY 9, 1896.    No. 7914.

1. **Banks and Banking:** EVIDENCE. The law presumes that the relation existing between a bank and its customer is that of ordinary debtor and creditor.

2. ———: DEPOSITS: EVIDENCE. Whether a deposit made in a bank by its customer is a general or special one, is a question of fact to be determined from the intention of the parties; but in the absence of evidence the law presumes such a deposit a general one.

3. ———: ———: OVERDRAFTS. Where a customer of a bank, who has overdrawn and thus stands indebted in open account to the bank, makes a general deposit therein, the presumption of law is that such deposit was made and received toward the payment of such overdraft.

4. ———: INSOLVENCY: PENALTY FOR RECEIVING DEPOSITS. The object of the enactment of sections 22 and 23, chapter 8, Compiled Statutes, was to prevent an insolvent banking association from borrowing money,—that is, receiving money on deposit and becoming debtor therefor; but said sections should not be so construed as to render an officer of a banking association guilty of a felony for permitting a debtor of the association to pay his debts thereto, even though the association is at the time, to the officer's knowledge, insolvent.

5. Unlawfully Receiving Deposits: BANKS AND BANKING. EVIDENCE. N. was indicted for receiving a deposit in a bank of which he was cashier, knowing at the time that the bank was insolvent. The state, to sustain the indictment, offered evidence which tended to show the existence of the bank; that N. was its cashier; that it was insolvent to his knowledge on the 18th of February, 1895, and that on said date one M. deposited in said bank $11. N. then offered to prove that when M. made such deposit he was overdrawn at the bank $15.30. The court excluded the offer. *Held,* That the evidence offered tended to show that the deposit made by M. and accepted by N. was intended by the parties to apply towards the payment of M.'s debt to the bank, and that so long as N. remained lawfully in charge of the bank as its cashier, he had the right to accept money in payment of any debt owing by any person to the bank; and that, therefore, the court erred in excluding the evidence offered.

ERROR to the district court for Sherman county. Tried below before SINCLAIR, J.

*Wall & Burrows* and *H. M. Sullivan,* for plaintiff in error.

*A. S. Churchill, Attorney General, George A. Day, Deputy Attorney General,* and *Long & Mathew,* for the state.

RAGAN, C.

In the district court of Sherman county Albert T. Nichols was convicted of the crime of receiving a deposit in a bank of which he was cashier, the bank then and there being to his knowledge insolvent, and sentenced to a term in

the penitentiary. He brings the judgment of the district court here for review. There are numerous errors assigned and argued here for the reversal of this judgment, of which we shall notice only one. Section 22, chapter 8, Compiled Statutes, provides: "No bank, corporation, partnership, firm, or individual transacting a banking business in this state shall accept or receive on deposit for any purpose any money, bank bills, United States treasury notes, or currency, or other notes, bills, checks, drafts, credits, or currency, when such bank, corporation, partnership, firm, or individual is insolvent." Section 23 provides: "If any bank, corporation, partnership, firm, or individual transacting a banking business in this state shall receive or accept on deposit any such deposits as are named and set forth in section twenty-two (22), when said bank, corporation, partnership, firm or individual is insolvent, any officer, director, cashier, manager, member of the partnership or firm, individual or managing party thereof, who shall knowingly receive or accept, be accessory to, or permit or connive at the receiving or accepting on deposit therein or thereby any such deposits as aforesaid, shall be guilty of a felony," etc. The information charged that Nichols, being the cashier of the People's State Bank of Litchfield, a banking corporation organized under the laws of the state and doing business in said Sherman county, on the 18th day of February, 1895, received a money deposit of $11 from one Henry Miller, the said People's State Bank of Litchfield being then and there, to the knowledge of said Nichols, insolvent. On the trial the state produced evidence showing the existence of the banking corporation; that Nichols was cashier thereof; and that on the 18th of February, 1895, one Henry Miller made a general deposit in said bank of the sum of $11. And the state also offered evidence which tended to show that the said bank was on that date, to the knowledge of the said Nichols, insolvent. The record contains the following:

"JULY 13, 1895, 8 o'clock A. M.

"Argument to jury about to be commenced by County Attorney J. W. Long for the prosecution. Defendant here asks leave to withdraw his rest and to put on the witness stand O. S. McCurrie, by whom he can show that on the 16th day of February, 1895, the account of Henry Miller, the prosecuting witness herein, in the People's State Bank of Litchfield, Nebraska, was overdrawn $15.30, and that no deposit was made by him on the 17th; and that the first deposit made or money brought in to the bank by him after the 16th was the $11 charged in the information in this case; and at the time it was brought in, the said Henry Miller was overdrawn in his account with said bank in the sum of $15.30."

"The counsel for the state object, as immaterial, irrelevant, incompetent, and too late at this time."

"The court: The request is denied for the reason that the fact sought to be shown is immaterial, irrelevant, incompetent, and not because it is too late. Defendant excepts."

The evidence shows that Miller was a customer of the bank, and this being so, the relation which the law presumes existed between them was that of debtor and creditor. (*Marine Bank v. Fulton Bank*, 2 Wall. [U. S.], 252; *Thompson v. Riggs*, 5 Wall. [U. S.], 663; *Bank of the Republic v. Millard*, 10 Wall. [U. S.], 152.) The evidence tends to show that the deposit made by Miller on the 18th was a general one. Whether the deposit was a general or special one was of course a question of fact to be determined from the intention of the parties, but a deposit is presumed to be a general one in the absence of evidence to the contrary. (*Brahm v. Adkins*, 77 Ill., 263; *In re Franklin Bank*, 1 Paige Ch. [N. Y.], 249; 1 Morse, Banks & Banking, sec. 186.) Since the relation existing between Miller and the bank was that of debtor and creditor, and since the offer was to show that Miller was overdrawn at

the bank—that is, that he was indebted to the bank in open account—in the sum of $15.30 when he made the deposit of $11 on the 18th of February, the presumption of law is, in the absence of evidence to the contrary, that he made this deposit in payment, so far as it would reach, of his debt or overdraft to the bank. (*Hansen v. Kirtley*, 11 Ia., 565; *Poucher v. Scott*, 98 N. Y., 422.) If the bank on the date that Miller made his deposit was insolvent, and if Nichols knew that fact, yet so long as he remained lawfully in charge of the bank, he had the right as its cashier to accept money in payment of any debt owing by any person to the bank; at least by so doing he did not violate the statute just quoted. The deposit made by Miller in the bank on the 18th was in the nature of a loan to the bank. (*State v. Keim*, 8 Neb., 63; *First Nat. Bank of South Bend, Indiana, v. Gandy*, 11 Neb., 431; *State v. Bartley*, 39 Neb., 353.) And had Miller not been indebted to the bank in a sum equal to the deposit he made, then Nichols, knowing the insolvent condition of the bank and taking the deposit, would doubtless have violated the statute; for the very object of this enactment was to prevent an insolvent banking association from borrowing money, that is, receiving money on deposit and becoming a debtor to a depositor therefor; but we do not think that the act should be so construed as to make an officer of a banking association guilty of a felony for permitting a debtor of the association to pay his debt thereto, even though the association is at the time, to the officer's knowledge, insolvent. To give it this construction is to obey the letter of the law and to violate its spirit. Under the evidence in the record and that offered by Nichols and excluded by the court, the $11 received by Nichols from Miller on the 18th of February, and put to Miller's credit on the books of the bank, was not an acceptance by Nichols as cashier of that amount of money to be held on deposit for Miller within the meaning of the statute quoted, but was an acceptance of that amount

of money by Nichols from Miller in payment of the latter's debt in open account to the bank. The district court erred in excluding the evidence offered. Its judgment is reversed and the cause remanded with instructions to grant Nichols a new trial.

                              REVERSED AND REMANDED.