STATE OF NEBRASKA V. BANK OF HEMINGFORD ET AL., APPELLEES, AND HAMILTON-BROWN SHOE COMPANY ET AL., APPELLANTS.

FILED SEPTEMBER 21, 1899. No. 8964.

1. **Insolvent State Banks:** DUTIES OF RECEIVERS. A receiver of a state bank appointed in proceedings under the provisions of section 34, chapter 8, Compiled Statutes, takes possession and holds the assets of a bank in favor of, and to assert and guard the claims of, the depositors and other creditors as the paramount and superior claims against the assets.

2. ———: PREFERRED CLAIMS. In the adjustment and settlement of claims, those of depositors and other general creditors who trusted the bank in the course and transaction of its legitimate business may be preferred over claims which originated in the pursuit and conduct of a business by the bank in which it had no legal authority or power to engage.

APPEAL from the district court of Box Butte county. Heard below before WESTOVER, J. *Affirmed.*

*Charles B. Keller,* for appellants.

*Smith P. Tuttle,* for receiver.

HARRISON, C. J.

The Bank of Hemingford, a corporation formed under the laws of this state, and located and in business at Hemingford, purchased a store building and lots upon

which it stood, also the stock of merchandise contained
in the store, of all of which the bank afterward made a
conditional sale to Mary E. Jones. The vendee defaulted
in fulfillment of the conditions of the sale, and the bank
took possession of the property on or about March 7,
1893, from which time until October 2, 1895, when the
bank was closed and taken in charge by the state bank-
ing board, the bank had conducted the mercantile busi-
ness. In the due course of proceedings to "wind up" the
affairs of the bank a receiver was appointed, who took
possession of the assets of the bank, inclusive of the
store building, the real property upon which it was situ-
ated, also the stock of merchandise. The appellant had
sold merchandise to the bank during the time the latter
was running the store, and which had been placed therein
as a part of the stock for sale, and sold in the course of
the retail trade; and for the unpaid portions of the bill
or accounts due and unpaid claims were duly presented
to the receiver, each of which was returned indorsed:
"Not filed, for the reason it is not a legal claim against
the Bank of Hemingford. Dated December 20, 1895.
Ira E. Tash, Receiver Bank of Hemingford." The ap-
pellants, by petition of intervention in the proceeding in
district court wherein the receiver had been appointed,
set up and asserted their respective claims, and after
trial a decree was rendered by which certain claims for
parties of amounts collected by the bank on accounts
against a party who had owned and conducted the store
(it was the conditional vendee of the bank and the debt
contracted by her) were preferred, the depositors of the
bank ordered paid in full; and if any assets remained
they were to be applied in payment of the claims of ap-
pellants and others who had similar claims and who had
also asserted them in the same manner as appellants
had their claims. Appellants claim that they should
have been accorded preferred claims against any amount
in the hands of the receiver derived or realized from the
sale of the store property, inclusive of the merchandise,

or at least should not have been postponed in favor of the other creditors of the bank. It is conceded by all parties, and is true, that the bank was not authorized to engage permanently or as a venture in the business of selling merchandise at retail, or to use the common general expression, "in keeping a store," and in so doing it proceeded without warrant in its articles of incorporation and hence without legal right. It has been decided that if a bank not authorized by its articles of incorporation engages in a business other than banking, an account for articles furnished it in and about the conduct of such business may be collected from it, and that it had no power to make the contract out of which the debt arises is of no avail to it as a defense in an action against it to recover the amount of the account. (*American Nat. Bank v. National Wall Paper Co.*, 77 Fed. Rep. 85.) But a receiver appointed, as in this case, under the provisions of our banking act will answer in such matters as herein in controversy, not alone for the bank or as representing or "standing in the shoes of the bank," but will guard, protect, and preserve the rights and interests of creditors, and look to and secure their proper adjustment relatively to all claims and each to the other. (*Barrington v. Connor*, 51 Neb. 214.)

In the absence of evidence to the contrary, and there is none, it will be presumed that the depositors dealt with the bank as a bank and not as a store-keeper, and believed it to be and trusted it as engaged in legitimate banking and not in ventures or transactions not contemplated in the articles of its incorporation, and in which its capital and funds, or a portion thereof, must be used, and they are entitled to demand of right that the funds diverted and employed for purposes other than the banking business, if such funds have been returned to or are in the possession of the bank, or, in the event of its insolvency, have been taken by its duly appointed receiver, together with any funds or property which in the course of the outside dealing have been mingled with what were

originally put to the unauthorized use by the bank, be appropriated to the payment of their just claims against the bank to the exclusion of parties who have accounts against the bank which originated exclusively in the unauthorized business. The parties who trusted the bank as a store-keeper knew that it was an incorporated bank, and must have known, or will be charged with the knowledge, that it was not properly in the retail mercantile business.

It is urged with considerable stress that quite a large percentage of the goods, the accounts or bills for which were presented to the receiver as claims by the appellants, was in the stock in the store at the time it passed into the possession of the receiver of the bank; also, that there was an account in the books of the bank in which the store figured as a party and by or from which it was possible to ascertain what money had come to the bank from the store business as a source, and in this connection that the creditors of the bank, as a store-keeper, ought to be preferred as to funds or property which came from the store to the bank or its receiver, or at least to share equally in them with the other creditors of the bank. There was evidence to the effect that "ninety per cent" of one bill of goods, the account for which was the basis of the claim of one of the appellants, remained unsold and in the stock in the store when the receiver took possession, and relative to some others of the claims of appellants similar conditions prevailed, except the per cents of goods named were smaller; but here it must be said that this is not an action to recover the specific articles or goods or their proceeds, but is in the nature of an action to recover on an account against the bank, and the evidence to which attention has been directed can have but little, if any, weight, except as it might avail to awaken and move the equitable feelings and powers of the court; but the appellants are in no position to invoke the equity powers of the courts as against the rights of the depositors and general creditors of the bank,

There was also testimony to the effect that in the books of the bank an account had been kept with the store, and the record states that some pages of the books of the bank were introduced in evidence to show portions at least of the account with the store, but these are not in the record presented here, and from all that is before us on the subject it cannot be said that there is evidence which in any degree tends to show that funds taken from the bank to the store business had been fully repaid and that there were funds or profits from the store business to which the appellants might possibly, equitably, be said to have any right to demand they be paid on their claims as distinctively and specifically, to coin an expression, store funds. The decree of the district court was right and must be .

AFFIRMED.