### DE LUCIA v. CELLILO.

(Supreme Court, Appellate Term. May 24, 1910.)

BANKS AND BANKING (§ 154*)—RECOVERY OF DEPOSITS—VARIANCE BETWEEN ALLEGATION AND PROOF.

In an action to recover deposits alleged to have been accepted by defendant as a banker for safe-keeping and afterwards converted to his own use, recovery could not be had upon mere proof of transaction between a banker and depositor giving rise to the ordinary relation of debtor and creditor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 516; Dec. Dig. § 154.*]

Appeal from City Court of New York, Trial Term.

Action by Francesca De Lucia against Pasquale Cellilo. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Warren Bigelow, for appellant.

LEHMAN, J. The plaintiff alleges in her complaint that the defendant accepted deposits as a banker for safe-keeping; that the plaintiff deposited sums aggregating $500, and has demanded the same, and no part thereof has been paid; and that the defendant has appropriated and converted to his own use and benefit the said sum of money, and refuses to pay any part thereof. In the prayer of the complaint the plaintiff asks for the arrest of the defendant, if execution against his property be returned unsatisfied.

It is quite apparent that the theory of the complaint is that the money was deposited for safe-keeping only, that the relation of debtor and creditor was never created between the parties, and that failure to return on demand the money deposited for safe-keeping is a conversion. At the trial, however, the plaintiff failed to show that the money was deposited for safe-keeping; but the evidence showed only the ordinary transactions between a banker and depositor, giving rise to the ordinary relationship of debtor and creditor. Having failed to prove an essential part of her cause of action, the plaintiff was not entitled to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the direction of a verdict in her favor; but the complaint should have been dismissed.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.