CITIZENS STATE BANK OF PETERSBURG, APPELLEE, V. S. D. WORDEN, APPELLANT.

FILED JANUARY 7, 1914.  No. 17,426.

1. **Banks and Banking:** DEPOSIT: PRESUMPTION: Where the nature of a bank deposit is not shown, the law will presume that it is a general one.

2. ———: GENERAL DEPOSIT: DEBTOR AND CREDITOR. A general deposit creates between the bank and the depositor the relation of debtor and creditor.

3. ———: ———: TITLE. Under a general deposit the title to the identical money deposited passes to the bank.

4. ———: ———: OBLIGATION OF BANK. A bank is not required to return identical funds deposited subject to check, but discharges its obligation as debtor by returning the equivalent in money upon demand.

5. ———: ———: ———: DEMAND. For non-payment of a general deposit, a solvent bank is not in default, or guilty of conversion, or justly required to defend a civil action, until a demand for the deposit has been made, or waived, or shown to be unnecessary.

6. ———: ———: ACTION: SET-OFF: PLEADING. In an answer pleading a set-off for bank deposits, a general allegation that the bank converted the deposits to its own use must yield to specific allegations showing that a demand was necessary, but not made.

7. **Set-Off.** "A claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff." *Simpson v. Jennings*, 15 Neb. 671.

8. **Pleading:** SET-OFF. In pleading a set-off in an action on a note, defendant should conform to the rules by which the sufficiency of plaintiff's petition would be tested, if assailed by demurrer.

9. ————: ————: GENERAL DENIAL: WAIVER. In an action on a promissory note, a general denial by plaintiff in reply to a set-off pleaded in the answer does not waive the objection that defendant's plea fails to state facts sufficient to constitute a cause of action.

10. ————: SUFFICIENCY: WAIVER. The objection that a set-off pleaded in an answer does not state facts sufficient to constitute a cause of action may be raised at any stage in the proceeding.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*H. C. Vail, F. A. Doten* and *F. D. Williams,* for appellant.

*M. B. Foster* and *A. E. Garten, contra.*

ROSE, J.

This is an action to recover a balance of $1,678.16 on five promissory notes. Defendant is maker and the Citizens State Bank of Petersburg, plaintiff, is payee. The suit was commenced February 4, 1911. An amended answer was filed June 5, 1911. It contains a general denial, alleges that defendant was a depositor of plaintiff with an unclosed bank account, and demands judgment for deposits and for conversion of deposits. The reply was a general denial. The case was tried to a jury. The execution and delivery of the notes were proved without contradiction. A demurrer to evidence in support of the cross-demands of defendant was interposed, on the ground that his allegations do not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer, and directed a verdict in favor of plaintiff for $1,754.94. Defendant appeals.

Did the trial court err in sustaining the demurrer? Defendant's position below and on appeal is indicated by the following extract from his brief: "The ruling of the

court was made for the reason that the amended answer and cross-demand of defendant did not plead a demand made by him upon plaintiff for the amount claimed before the filing of the petition. Defendant concedes the general rule to be that, before an action can be maintained to recover amount of deposits, a demand is a condition precedent to a recovery; but the general rule cannot be applied under the issues of the case at bar, for the reason that defendant pleaded that plaintiff converted to its own use certain amounts of money deposited in plaintiff's bank, and prayed for a judgment against plaintiff for the amounts alleged to have been wrongfully converted to its own use, and plaintiff filed a reply denying all liability. An issuable fact was presented for adjudication, and demand became unnecessary. If plaintiff's reply had admitted receiving the amounts of the notes set forth in defendant's answer, and that it was indebted to defendant for the same, then, in the absence of a demand having been alleged and proved by defendant, the defendant could not maintain his cross-demand against plaintiff, and the ruling of the court would have been correct; but it is absurd to say that plaintiff could come into court and deny owing defendant anything, and at the same time non-suit defendant for failing to allege and prove a demand made on plaintiff prior to filing of the petition."

Where the nature of a bank deposit is not shown, the law will presume that it is a general one. *Nichols v. State,* 46 Neb. 715. A general deposit creates between the bank and the depositor the relation of debtor and creditor. *State v. Bartley,* 39 Neb. 353; *Nehawka Bank v. Ingersoll,* 2 Neb. (Unof.) 617. Under a general deposit, the title to the identical money deposited passes to the bank. *Seward County v. Cattle,* 14 Neb. 144. A bank is not required to return identical funds deposited subject to check, but discharges its obligation as debtor by returning the equivalent in money upon demand. *Union Savings Bank & Trust Co. v. Indianapolis Lounge Co.,* 20 Ind. App. 325. For non-payment of a general deposit, a solvent bank is not in default, or guilty of conversion, or justly required

to defend a civil action, until a demand for the deposit
has been made, or waived, or shown to be unnecessary.
*Citizens Bank v. Fromholz,* 64 Neb. 284; *Sharp v. Citi-
zens Bank,* 70 Neb. 758; *De Lucia v. Cellilo,* 123 N. Y.
Supp. 229; *Wasserstrom v. Public Bank,* 123 N. Y. Supp.
55; *Tobias v. Morris & Co.,* 126 Ala. 535, 28 So. 517. In
*Koelzer v. First Nat. Bank,* 125 Wis. 595, 2 L. R. A. n. s.
571, the court said: "In case of an ordinary account it
is the legal right of the creditor to have his debtor seek
him out and pay him. There is no such obligation as to a
bank creditor. The general custom in banking business
is to pay on account of such indebtedness only upon a
proper demand therefor by check or its equivalent at the
banking house during ordinary banking hours. One who
deposits money for his credit in such an account, without
any special understanding to the contrary, is presumed to
accept the undertaking of the bank to pay according to
the general usage in such cases, which is known to all men.
There being such a general custom, without some special
stipulation to the contrary, the contract between the bank
and its general depositors, by necessary implication, ac-
cords therewith. So a breach of the bank's obligation to
pay upon a proper demand being made, or some act on
the part of the bank dispensing with such demand, is es-
sential to a cause of action to recover of it."

Standing alone, the general allegation of conversion up-
on which defendant relies might be sufficient in pleading
a tort, as was held in *Sanford v. Jensen,* 49 Neb. 766;
but, in an answer pleading a set-off for deposits in a suit
on a note, a general allegation that the bank converted
the deposits to its own use must yield to specific allega-
tions showing a demand was necessary, but not made.

The only demand pleaded was made "prior to the time
of the filing of the amended answer." There is no plea
that it had been made when plaintiff brought this suit.
Under section 104 of the code, providing that "a set-off
can only be pleaded in an action founded on contract,
and must be a cause of action arising upon contract, or
ascertained by the decision of a court," the rule is: "A

claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff." *Simpson v. Jennings,* 15 Neb. 671; *Tessier v. Englehart & Co.,* 18 Neb. 167; *Shabata v. Johnston,* 53 Neb. 12.

In pleading a set-off in an action on a note, defendant should conform to the rules by which the sufficiency of plaintiff's petition would be tested, if assailed by demurrer. *Peck v. Trumbull,* 12 Neb. 133; *Dale v. Hunneman,* 12 Neb. 221; Bliss, Code Pleading (3d ed.) sec. 367. The set-off pleaded does not conform to the principle stated. It is not shown that defendant, when this suit was commenced, could have maintained against plaintiff an action for deposits. The law has been stated in these words: "The agreement of the bank with the depositor, as distinct and valid as if written and executed under the seal of each of the parties, *is only to pay upon demand.*" Morse, Banks and Banking (4th ed.), sec. 322; *Missouri P. R. Co. v. Continental Nat. Bank,* 212 Mo. 505, 17 L. R. A. n. s. 994, 111 S. W. 574. The debt of a solvent bank to a depositor for general deposits is not due until a demand has been made. That is the contract implied by their relation, and a suit for such deposits, like an action on an unmatured note, cannot be maintained until the debt is due. A proper demand before this suit was commenced, which is a part of the set-off, is not pleaded.

Defendant, however, insists that plaintiff waived demand by the general denial in its reply. This position is untenable. Under the code an answer containing a general denial, but not challenging the petition on the ground that it fails to state facts sufficient to constitute a cause of action, does not waive that objection. Code, sec. 96. On principle the same rule applies to an answer containing an affirmative plea in the nature of a set-off, and such an objection may be made by demurrer to evidence at any stage of the proceeding. *Brugman v. Burr,* 30 Neb. 406; *Curtis & Co. v. Cutler,* 7 Neb. 315; *Ball v.*

*LaClair,* 17 Neb. 39; *Gordon v. City of Omaha,* 77 Neb. 556.

*Ogden v. Warren,* 36 Neb. 715, holding that, "where a defendant lawfully in the possession of property denies the title and right of possession of the owners, no demand is necessary," does not apply to a case like the present, where the parties have provided by contract that the debt shall only become due upon demand.

No error has been found in the record, and the judgment is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.