378          NEBRASKA REPORTS.          [VOL. 114

State, ex rel. Davis, v. Farmers & Merchants Bank.

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, V.
FARMERS & MERCHANTS BANK OF MORRILL.
WESTERN ACCEPTANCE COMPANY, CLAIMANT, APPELLANT, V.
CHARLES A. MORRILL, RECEIVER, APPELLEE.

FILED FEBRUARY 18, 1926.   No. 23859.

1. Banks and Banking: RECEIVERS. The receiver of an insolvent bank takes and holds the bank assets, as to liens, rights and liabilities, as they exist at the time of his appointment.

2. ———: ———: AUTHORITY. Such receiver is an officer of the court, whose authority is limited by law and the records in the case in which he is operating, of which limitations those dealing with him must take notice.

3. ———: DEPOSITS. A deposit in a bank made in the ordinary course of its business is presumed to be general, and not special.

4. ———: GENERAL DEPOSITS. When money is so deposited, it ceases to be the money of the depositor, and becomes the money of the bank, and the depositor becomes a creditor of the bank to the extent of such deposit, which credit the bank can apply to a matured debt owing to it by such depositor.

5. ———: ———. Record examined, and *held* to support the finding that the Morrill Motor Company was a trade-name used by John R. Dewitt, and that John R. Dewitt and Morrill Motor Company are but one and the same person, and that the deposit in question was that of John R. Dewitt.

APPEAL from the district court for Scotts Bluff county: P. J. BARRON, JUDGE. *Affirmed.*

*Morrow & Morrow,* for appellant.

*C. M. Skiles* and *Mothersead & York, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This is an action wherein the appellant intervenes in the suit as a claimant of a deposit in an insolvent bank in the hands of a receiver, seeking to have its claim allowed and ordered paid out of the bank guarantee fund. The petition is in the usual form in such cases, and alleges that the

deposit is one made by the Morrill Motor Company, herein-
after termed the motor company, as a distinct entity, and
assigned to it.    The receiver answers, admitting the deposit
as one in the ordinary course of banking business for the
amount stated, but that the motor company was a trade
name only, adopted by one, John R. Dewitt; that is, that
John R. Dewitt and the motor company were but one and
the same person so far as the matters here involved are
concerned; and that, while the deposit was made in the name
of the motor company, it was in fact that of John R. Dewitt,
and subject to offset to the extent of his note to the bank
of $900, which was past due, with accrued interest thereon,
which offset, he, as such receiver, had made; and prayed
that such offset be approved.    The case was tried to the
court, and the court found, in substance, that the Morrill
Motor Company was but a trade name used by John R.
Dewitt, and entered judgment that the amount of such
note with accrued interest, aggregating $927.50 at the time
such bank closed its doors and ceased business, be set off
against the deposit of the Morrill Motor Company, which
deposit amounted to $2,843.94; and that the Western Ac-
ceptance Company's claim, amounting to $1,916.44, be
allowed as a general claim against the trust and be paid
out of the bank guarantee fund.    Claimant appeals, and, as
grounds for reversal, asserts that the judgment is without
evidence to support it, and contrary to the law applicable.

As reflected by the record, the plaintiff, Farmers &
Merchants Bank of Morrill, hereinafter called the bank, is
a corporation of Morrill, organized for the purpose indicated
by its name.    The defendant and appellant, Western Ac-
ceptance Company, hereinafter referred to as the acceptance
company, is a corporation of Denver, Colorado.    The Mor-
rill Motor Company, at the times herein referred to, was
a trade-name used by John R. Dewitt, who, under such
name, was engaged in the retail of automobiles and their
accessories.    Dewitt, under the name of such motor com-
pany, purchased some automobiles, which were shipped to
him accompanied by a bill of lading requiring him to pay

for same before their delivery to him at Morrill. He, finding himself without sufficient funds, borrowed of the acceptance company $2,340.04, which was by him received and in the usual and customary way deposited in such bank to the credit of such motor company, his then total deposit being, and so remained, $2,843.94. He at that time owed the bank on a note, then past due, $900 and accrued interest thereon, which note had been signed by him as John R. Dewitt, and so carried on the books of the bank. The next day after such deposit was made, the bank failed, was taken over by the state, and a receiver appointed, who entered upon his duties, and thereafter listed and reported to the proper court the assets and liabilities of the bank as they appeared on the books of the bank at the time he took possession. And afterwards, at request of Dewitt, the receiver prepared and delivered to such acceptance company the following certificate:

"December 5, 1925.

"Western Acceptance Company,
          Denver, Colorado.

"Gentlemen: This is to certify that the Morrill Motor Company of this city have assigned to the Western Acceptance Company of Denver, Colorado, $2,340.04, from the claim for deposit in this bank. This assignment is a first lien on said claim and will be paid direct to the Western Acceptance Company in due course of time.

"(Signed)    Chas. A. Morrill, Receiver."

Shortly after the receipt of this certificate, the acceptance company released a chattel mortgage it held on the shipment of automobiles. After the receiver became informed that the motor company was not an independent entity, but was in fact John R. Dewitt, simply a trade-name by him used, he computed the amount of interest due on the $900 note and offset the same on such deposit, and notified Dewitt and the acceptance company thereof. Upon receipt of such notice, the acceptance company intervened in the bankruptcy action, as hereinbefore stated.

It must be remembered that the receiver takes and holds

the bank assets, as to liens, rights and liabilities, as they exist at the time the business is turned over to him, to be administered for the uses and benefits of the creditors and stockholders of the institution.   *State v. South Fork State Bank,* 112 Neb. 623; *State v. American Exchange Bank,* 112 Neb. 834; *State v. Farmers State Bank,* 112 Neb. 788.

The receiver is at all times an officer of the court, subject to its orders and directions, an agent, the scope of whose authority is limited by law.   *State v. Bank of Hemingford,* 58 Neb. 818; 23 Cyc. 1065.   Thus, every one dealing with such receiver knows of the limitations, or lack of limitations, to his power to transact the business of the institution.   He cannot without approval of the court relinquish any of the rights of the trust.

This suit for the first time presents to the court for its approval the offset made by the receiver of the amount represented by the note against the deposit here in question. This being true, the acceptance company stands in the same position, under the issues raised by the pleadings in this case, as would the motor company or Dewitt.   The receiver was uninformed until after December 5, 1925, as to the things inuring in the original transaction giving rise to the deposit of the $2,340.04, as between the bank, acceptance company, Dewitt, or the motor company, as well as to the fact that Dewitt and the motor company were one and the same person.   Thus, the evidence shows that the deposit was general, and the presumption is that such a deposit is general, and not special.   *Nichols v. State,* 46 Neb. 715. Then, on the deposit of the money, as between the parties thereto, it ceased to be the money of the depositor and became the money of the bank, to which the depositor became a creditor of the bank to the extent thereof.   *Seward County v. Cattle,* 14 Neb. 144.   In such case, the bank has the right to appropriate the funds of the depositor to a debt due it from him, as was done in this case.   *Globe Savings Bank v. National Bank of Commerce,* 64 Neb. 413; Magee, Banks and Banking (3d ed.) sec. 311.   See, also, *Arnold*

*v. San Ramon Valley Bank,* 184 Cal. 632, and note in 13 A. L. R. 325.

Applying the law to the issues raised, and the facts reflected by the record, the judgment of the trial court should be, and is,                                          AFFIRMED.

Note—See Banks and Banking, 7 C. J. pp. 628 n. 94, 653 n. 84, 668 n. 20, 669 n. 39, 735 n. 68, 69—Receivers, 34 Cyc. 193 n. 88, 236 n. 72, 243 n. 99, 247 n. 28, 269 n. 37, 279 n. 85.