STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. COMMERCIAL STATE BANK OF CRAWFORD, E. H. LUIKART, RECEIVER, APPELLANT: .
JOHN C. THOMAS, ADMINISTRATOR, INTERVENER, APPELLEE.

FILED MARCH 23, 1934. No. 28897.

*F. C. Radke, Barlow Nye* and *Crites & Crites,* for appellant.

*R. R. Wellington, contra.*

Heard before GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

DAY, J.

This is an appeal of the receiver of the defunct Commercial State Bank of Crawford from a judgment in favor

of an intervener, John C. Thomas, administrator of the estate of Susannah Spease, deceased, impressing the assets of the bank with a trust. Mrs. Spease, at the time of her death, held a certificate of deposit for $2,412.50. She had other certificates of deposit, a checking account in the bank, and a safety deposit box.

The administrator, shortly after his appointment in 1927, appeared at the bank and asked that all papers in the possession of the bank belonging to the estate be given to him and further inquired as to the amount of money in the bank belonging to the estate. He was informed as to the balance in the checking account and given the safety deposit box which contained other certificates of deposit but not the one involved here. This certificate of deposit was dated June 20, 1924, and its existence was unknown to the administrator. The estate was administered and distributed in 1928. In 1932 the administrator received notice from the receiver informing him for the first time about this certificate of deposit. He then found the certificate in an old satchel in an envelope with some canceled checks.

As far as the record indicates (evidence all stipulated) this was a demand certificate of deposit without an agreement to pay interest. Since it was issued in 1924, it was not negotiable (Comp. St. 1929, sec. 8-141, Laws 1923, ch. 191, sec. 39), but was assignable. Strictly neither the bank nor its officers knew and could not know that a certificate of deposit outstanding for about four years was still the property of deceased. The evidence does not disclose that they misled the administrator by any affirmative statement. If he was misled it was by their failure to disclose. The administrator contends that the bank occupied a fiduciary relation to the deceased and therefore had a duty to disclose. A fiduciary relation is not disclosed. Mrs. Spease had possession at all times of the certificate of deposit which was evidence that she was creditor and the bank her debtor. She was dealing with the bank on equal terms, and they were transacting only a banking

business. She did not leave the certificate with them nor does the record show that the bank had access to her safety deposit box in which she kept other certificates and other papers. The only relationship was that of creditor and debtor. *Citizens State Bank v. Worden,* 95 Neb. 53; *Harrison State Bank v. First Nat. Bank,* 116 Neb. 456. The bank had no legal duty to voluntarily impart information as to the certificate of deposit to the administrator. It is aside from the issues to discuss the moral and ethical duty of a banker who fails to disclose information to an administrator, which failure inures to the bank's benefit.

Even assuming that a duty of disclosure rested upon the bank and that a breach of that duty would amount to fraud, that is not sufficient to establish a constructive trust under the circumstances in this case. When Mrs. Spease deposited $2,412.50 in the bank and was issued a certificate of deposit, the relationship of debtor and creditor was established. The certificate represented the indebtedness of the bank. The same situation existed at the time of her death. If the administrator had known of the asset when the estate was probated, neither he nor the bank had the certificate in their possession at the time, and the bank was merely indebted to the estate. Were the assets of the bank augmented as held necessary in *State v. Farmers State Bank,* 121 Neb. 532? No. When did it cease to be a debt of the bank? When did it become a trust? Never. It was an ordinary general deposit when made, when Mrs. Spease died, and is still a deposit. Its character never changed. The judgment of the trial court is reversed, and the cause remanded, with directions to the trial court to enter a judgment that the claim is a deposit and as such a preferred claim, on a par with all other deposits.

REVERSED.