82 NEBRASKA REPORTS. [VOL. 113

State, ex rel. Davis, v. Farmers State Bank.

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, APPELLEE, V. FARMERS STATE BANK OF ALLEN: W. L. MOTE, RECEIVER, APPELLEE: FIRST NATIONAL BANK OF LEIGH, CLAIMANT, APPELLANT.

FILED JANUARY 22, 1925. No. 22961.

1. **Banks and Banking:** LOAN TO BANK. The sale or discount of some of its bills receivable by a solvent state bank to one of its stockholders does not, necessarily, imply the effecting of a loan to the bank.

2. ——: GUARANTY FUND: DEPOSITOR. A stockholder of a state bank who has, in good faith, purchased from such bank some of its bills receivable may, in the absence of fraud or collusion, resell them to the bank, accept in payment therefor certificates of deposit, and thereby become a depositor of such bank, within the meaning of the bank guaranty law.

3. ——: ——: DEPOSITS. Where a state bank in good faith receives negotiable paper from one of its stockholders and, instead of paying the money to him at the time the notes are negotiated, issues to him a certificate of deposit payable at a future date, no fraud or collusion being shown, the legal effect is the same as if the money itself had been actually placed upon deposit, and, as respects the guaranty fund, the deposit, evidenced by the certificates so issued, stands upon the same footing as any other deposit.

4. ——: PRIORITIES: PURPOSE OF STATUTE. One of the purposes of the legislature, in enacting section 8033, Comp. St. 1922, was to deny to a stockholder of a state bank the right of priority upon a claim, based upon evidence of indebtedness, which represents money obtained by such stockholder from himself or others for the purpose of effecting a loan of funds to such bank; but it was not the design, in enacting such statute, to prevent a stockholder of a state bank from becoming a depositor therein.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Reversed, with directions.*

*Courtright, Sidner, Lee & Gunderson,* for appellant.

*J. J. McCarthy* and *C. M. Skiles, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

State, ex rel. Davis, v. Farmers State Bank.

GOOD, J.

In this action the First National Bank of Leigh seeks the allowance against the depositors' guaranty fund of a claim on a certificate of deposit, issued by the Farmers State Bank of Allen, now insolvent and in the hands of a receiver. The defense interposed by the receiver of the failed bank is that the certificate of deposit was originally issued to a stockholder of the failed bank and represents a loan made to the bank and not a deposit, within the meaning of the statute relating to the depositors' guaranty fund. The trial resulted in a finding and judgment allowing the claim as against the bank, but disallowing the claim as against the guaranty fund. Claimant appeals.

The evidence consists of certain stipulations and the oral evidence of Fred Rabeler, Jr. It appears that on December 17, 1920, Fred Rabeler, Jr., a stockholder in the Farmers State Bank of Allen, sold to that bank two promissory notes, which he had previously purchased from the same bank, and that for the notes he received two certificates of deposit, each for $2,813.46, due March 8, 1921. On the 8th of March, 1921, these two certificates were surrendered, and in lieu thereof he received ten certificates issued by the same bank for $500 each, and a cashier's check for the balance. The ten certificates were due at intervals of two weeks, beginning March 30, 1920. Between March 8 and March 12, 1921, the cashier of the Farmers State Bank visited Mr. Rabeler at his home in Leigh, and informed him that the cash reserve of the bank was low, and thereupon it was agreed that the ten certificates and the cashier's check should be returned to the bank, and a new certificate of deposit issued for the full amount. On March 12 the new certificate for $5,690.12, due October 1, 1921, was issued to Mr. Rabeler. This is the certificate in controversy, and it was later assigned by Mr. Rabeler to the First National Bank of Leigh.

Counsel for the receiver contends that, under the provisions of section 8033, Comp. St. 1922, the claim of the First

National Bank, in this case, was not entitled to that priority which was requisite to an allowance as against the guaranty fund. In so far as applicable, said section provides:

"The claims of depositors, for deposits, and claims of holders of exchange, shall have priority over all other claims, except federal, state, county and municipal taxes, and subject to such taxes, shall at the time of the closing of a bank be a first lien on all the assets of the banking corporation from which they are due and thus under receivership. * * * and, upon proof thereof, they shall be paid immediately out of the available cash in the hands of the receiver. If the cash in the hands of the receiver, available for such purpose, be insufficient to pay the claims of depositors, the court in which the receivership is pending or a judge thereof, shall determine the amount required to supply the deficiency and cause the same to be certified to the department of trade and commerce, which shall thereupon draw against the depositors' guaranty fund in the amount required to supply such deficiency and shall forthwith transmit the same to the receiver, to be applied on the said claims of depositors. * * * No claim to priority shall be allowed which is based upon any evidence of indebtedness in the hands of or originally issued to any stockholder, officer or employee of such bank, which represents money obtained by such stockholder, officer or employee, from himself or some other person, firm, corporation or bank in lieu of or for the purpose of effecting a loan of funds to such failed bank."

Counsel for receiver insists that the facts in this case show that the certificate of deposit in question represents money obtained by Rabeler, a stockholder, from himself in lieu of, or for the purpose of effecting, a loan of funds to the failed bank, and that, therefore, he is not entitled to that priority essential to an allowance of the claim against the guaranty fund.

There is no evidence in the record which shows the condition of the failed bank at the time that Rabeler purchased

the notes from it, except the inference that might be drawn from the fact of its discounting its notes. It is argued that this fact alone is sufficient to indicate that the bank was in need of funds, and that it was, in effect, a loan by Rabeler to the bank when he purchased these notes. On the other hand, the fact that the bank was subject to state inspection and continued in business for many months after this transaction tends to indicate that the bank was not in a failing or unsound condition at that time. The discount of commercial paper by a bank is recognized in the commercial world as a legitimate transaction, and properly incident and necessary to the exercise of a sound banking business. We apprehend that practically every banking institution in existence, as a part of its regular business, from time to time discounts some of its paper. We do not think we would be justified in holding that the sale or discount by a bank of some of its bills receivable necessarily implies the effecting of a loan to the bank. Moreover, in this case, the evidence of Rabeler is to the effect that no such intent or purpose existed; that at the time he purchased the notes he had idle funds and purchased them as an investment. By purchase Rabeler became the owner of the notes and had the same right to sell and dispose of them as any other lawful holder of negotiable paper. When these notes were nearing maturity he sold them to the bank from which he had purchased them, and received in payment two certificates of deposit. So far as disclosed, this was a *bona fide* transaction. It is not shown that the notes were worth less than their face value; nor is it shown that they were not paid. For aught that appears, the notes have been paid, and the bank has received full value in cash for the two certificates of deposit.

It is not essential to a deposit, within the meaning of the bank guaranty law, that actual money be placed in or at the command of the bank. *State v. American State Bank,* 112 Neb. 272; *State v. American Exchange Bank,* 112 Neb. 834. In *State v. Farmers State Bank,* 111 Neb. 117, it is

held: "In order to create a deposit which will be protected by the guaranty law, as the term 'deposit' is understood in section 8033, Comp. St. 1922, it is necessary that money or its equivalent shall in intention and effect be placed in or at the command of the bank under circumstances which do not transgress specific limitations of the bank guaranty law." See, also, *State v. Farmers State Bank,* 112 Neb. 474, and *State v. Farmers State Bank,* 112 Neb. 380.

In *State v. American State Bank,* 112 Neb. 182, it is held: "Where a bank in good faith receives negotiable paper from a customer and, in place of paying the money over the counter at the time the notes are negotiated, issues to him a certificate of deposit payable at a future date, no fraud or collusion being shown, the legal effect is the same as if the money itself had actually been placed upon deposit, and, as respects the bank guaranty fund, the deposit evidenced by the certificate so issued stands upon the same footing as any other deposit." See, also, to the same effect, *State v. Banking House of A. Castetter,* 110 Neb. 584, and *State v. South Fork State Bank,* 112 Neb. 623.

Since no fraud or collusion has been shown, we are clearly of the opinion that the receipt by Rabeler of the two certificates of deposit, in payment of the notes sold and transferred by him to the bank, constituted him a depositor, within the meaning of the bank guaranty law. It was not the design or purpose of the legislature, in enacting section 8033, Comp. St. 1922, to prevent a stockholder in a state bank from becoming a depositor therein, but one of the purposes was to deny to a stockholder the right of priority upon a claim, based upon evidence of indebtedness which represents money obtained by such stockholder from himself or others, for the purpose of effecting a loan of funds to such bank. There is no evidence of any intent or design on the part of Rabeler to effect a loan to the bank of which he was a stockholder. Since Rabeler became a depositor by the issuance to him of the two certificates of deposit in December, 1920, he was not deprived of that character by reason

of the renewal of the same certificates of deposit. The new certificates of deposit were evidence of his continued relation to the bank as depositor. By his transfer to the First National Bank of the certificate of deposit, it became subrogated to all the rights of the original depositor.

It follows that the judgment of the district court should be and is reversed, and the cause remanded, with directions to order the payment of the claim of the First National Bank out of the depositors' guaranty fund.

REVERSED.