890 NEBRASKA REPORTS. [VOL. 115.

State, ex rel. Spillman, v. Citizens State Bank.

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
CITIZENS STATE BANK OF POTTER: VAN E. PETERSON,
RECEIVER, APPELLEE: STATE BANK OF OMAHA,
APPELLANT.

FILED JULY 26, 1927. NO. 25058.

1. **Banks and Banking:** GUARANTY FUND: PRIORITIES: PURPOSE OF
STATUTE. "One of the purposes of the legislature, in enacting
section 8033, Comp. St. 1922, was to deny to a stockholder of a
state bank the right of priority upon a claim, based upon evi-
dence of indebtedness, which represents money obtained by
such stockholder from himself or others for the purpose of
effecting a loan of funds to such bank; but it was not the de-
sign, in enacting such statute, to prevent a stockholder of a
state bank from becoming a depositor therein." *State v. Farm-
ers State Bank*, 113 Neb. 82.

2. ————: DEPOSITORS. When a party becomes, in good faith, a
depositor in a bank by issuance to him of a certificate of deposit,
in terms as provided by law, in consideration of cash or the
equivalent actually received by such bank, he is not deprived
of that character by reason of renewals which do not trans-
gress the guaranty fund law. The new certificate is evidence of
his continued relation to the bank as depositor.

APPEAL from the district court for Cheyenne county:
J. LEONARD TEWELL, JUDGE. *Reversed, with directions.*

*Gaines, Van Orsdel & Gaines, Warren M. Howard* and
*Smith, Schall, Howell & Sheehan*, for appellant.

*C. M. Skiles* and *Roland V. Rodman, contra.*

Heard before GOSS, C. J., ROSE, DAY, THOMPSON and
EBERLY, JJ., LESLIE and SHEPHERD, District Judges.

EBERLY, J.

In this action the State Bank of Omaha, as holder in
due course, seeks the allowance against the state deposi-
tary fund of a claim based on three certificates of deposit,
bearing numbers 1638, 1639, and 1640, respectively, issued
by the Citizens State Bank of Potter, now insolvent and
in the hands of a receiver duly appointed. The trial in

district court resulted in a finding and judgment allowing the claim as to each certificate against the bank, but disallowing claim against the guaranty fund. State Bank of Omaha appeals.

These certificates in suit were renewals of previous ones. Certificates of deposit Nos. 1638 and 1639 had their inception in a transaction occurring March 9, 1921. At that time the total deposits of the Citizens State Bank of Potter were $158,685.58, and total "reserve" $47,643.99. This bank on that day collected a note aggregating $7,000 for George A. Roberts, the owner thereof, receiving the cash, and in accordance with the usual course of business issued to him certificate of deposit number 938 for that amount. Certificate No. 1640 had its inception in a transaction had between this bank and George A. Roberts on the 3d day of October, 1921, when certificate of deposit No. 893 was issued to the latter for cash or the equivalent received by the bank. George A. Roberts was, at all times covered by the record, the president of the bank in question and one of the stockholders thereof. The validity of the original deposits when made does not appear to be seriously questioned by the receiver. But it is his contention that the circumstances disclosed by the evidence in the record, which surrounded and entered into the transactions by which the original certificates were from time to time renewed, operated to deprive the originally valid deposits of their character as such and converted them into transactions not having the protection of the guaranty fund. A careful consideration of the facts of the record convinces us that this contention is not sustained by the evidence. Indeed, this case is controlled by the principles announced in *State v. Farmers State Bank,* 113 Neb. 82.

It follows that the judgment of the district court should be, and is, reversed and the cause remanded, with directions to order the payment of the claim of the State Bank of Omaha out of the depositors' guaranty fund.

REVERSED.