SARAH E. PATTERSON v. FIRST NATIONAL BANK OF HUMBOLDT.

FILED MARCH 8, 1905. No. 13,724.

1. **Pleading**: HARMLESS ERROR. Where a petition is for money had and received, the answer pleads payment by check, and the reply alleges facts negativing and disputing the payment alleged in the answer, the reply is not inconsistent with the petition, and it is error to strike out its allegations. But where proof is admitted of the allegations stricken from the reply, the error is without prejudice.

2. **Checks**: PAYMENT: EVIDENCE: Where a check for $450 was drawn by a depositor in a bank upon her deposit, payable to the same bank or order, its indorsement by the bank, and return to the drawer as paid, is *prima facie* evidence of the receipt by the bank of the amount evidenced by the check. It is not conclusive, but is open to explanation or denial.

3. **Burden of Proof**. Where a depositor draws a check upon a general deposit in a bank payable to the bank or order, the purpose being, as the depositor claims, to change a general deposit subject to check into a time deposit in the same bank, and the check is returned indorsed paid, and the bank seeks to avoid liability by a plea of payment, the burden of proof is upon the bank to show that the amount of the check was paid at the depositor's request to a third party.

4. **Evidence** offered as to other transactions, *held* properly rejected as "*res inter alios acta.*"

5. **Evidence**. Where the hand to pay is also the hand to receive, payment may be made by a transfer of credits upon the books of a bank.

**6. Instruction.** Where a depositor claims that a check for $450, payable to the "First National Bank," was given by her to the same bank for the purpose of changing her general deposit therein into a time deposit, and the only controversy is whether or not a certain "time check," signed by the president of the bank by his individual name alone, was fraudulently delivered to her in exchange for the check instead of a certificate of deposit, or whether the check was paid, the money loaned by her to the bank president individually, and the "time check" given by him as evidence of his own debt, it is error to instruct the jury that before the plaintiff can recover she must prove "not only that the $450 check was fraudulently procured from her, but that the time checks given her were fraudulent," since the plaintiff does not claim there was fraud in procuring the check.

ERROR to the district court for Richardson county: ALBERT H. BABCOCK, JUDGE. *Reversed.*

*J. H. Broady,* for plaintiff in error.

*Francis Martin, E. A. Tucker* and *E. Falloon, contra.*

LETTON, C.

This action was brought by Sarah E. Patterson, as plaintiff, against the First National Bank of Humboldt, as defendant. The petition alleges that the plaintiff deposited the sum of $450 with the defendant on the 4th day of January, 1902; that the plaintiff requested its repayment about February 1, 1903, which request was refused, and that the defendant is indebted to the plaintiff for money had and received to that amount. The defendant pleaded payment. The plaintiff's reply was a general denial. Afterwards the plaintiff asked leave to file an amended reply, alleging in substance that on the 5th day of January, 1902, plaintiff and defendant agreed that $450 of the money on deposit should be changed from open account to time deposit for one year at five per cent; that the money was transferred, and that defendant pretended to give plaintiff the usual certificate of deposit for that

28

amount, but that the paper was merely signed by F. W. Samuelson, who was the president of the bank; that the transaction was conducted on the part of the defendant by F. W. Samuelson, as president; that she was ignorant of the form of certificates of time deposits, and believed that she was dealing with the bank and getting a proper certificate or she would not have given the check for $450; that she did not discover the fraud until about July 1, 1903, when she offered to return the paper and demanded her money, which was refused. A motion was made by the defendant to strike all that part of the amended reply which in substance set forth fraud upon the part of the defendant, which motion was sustained. The only issue therefore presented by the pleadings was whether or not the $450 had ever been paid. It appears that in December, 1901, the plaintiff, Mrs. Patterson, received a draft for $500 from her father's estate and deposited the same in the bank; that at that time she had some conversation with Mr. Liggett, the cashier of the bank, with reference to the rate of interest the bank would pay upon a time deposit; that he told her that for a six months deposit the bank would pay 3 per cent. per annum, and if left for a year it would pay 4 per cent. per annum. She was dissatisfied with this rate of interest and did nothing with regard to the matter at that time, saying she would see Mr. Samuelson, president of the bank. Sometime between that and the 4th of January, 1902, she came to the bank again, saw Mr. Samuelson and talked with him. What was said in this conversation is in dispute. An offer to pay 5 per cent. was made to her, she claiming it was made by Samuelson, as president of the bank, while defendant claims her transaction was with Samuelson individually. She then returned home, but afterwards on the 4th day of January she sent her husband to the bank with a check for $450, payable to the First National Bank. Mr. Patterson saw Mr. Samuelson, handed him the check and received in return a time check in form as follows:

"F. W. Samuelson, Loans.                           $450.

"HUMBOLDT, NEB., Jan. 5, 1902.

"Pay to the order of Mrs. Sarah E. Patterson, $450, Four Hundred Fifty & no-100 Dollars.  Due in 12 mos at 5% Int.                        F. W. SAMUELSON."

"To the First National Bank, Humboldt, Neb."

Her account was at once charged with the amount of the check, and the individual account of Samuelson was credited with it.  A year after this time Mrs. Patterson took this time check to the bank, saw Mr. Samuelson and received from him $22.50 interest, together with a new time check in substance in the same form payable January 5, 1904.  In July, 1903, Mr. Samuelson, who was largely engaged in enterprises outside of his banking interests, became financially embarrassed and was unable to pay his obligations.  He sent a letter to each of his creditors, notifying them of this fact, and asking them to meet at the office of Francis Martin in Falls City, Nebraska, for the purpose of arranging his affairs so that his assets could be preserved for his creditors.  A meeting was held on the 6th day of August, 1903.  Mrs. Patterson received one of these letters, and Mr. Patterson attended the meeting, apparently taking no part therein except to listen to the conversation, and after his return home a demand was made upon the bank for the payment of the $450, which was refused.  The question is whether the money was a time deposit or a loan to Samuelson individually.  There is a sharp conflict in the testimony with regard to the transaction at the bank.  If the story of Mr. Liggett, the cashier, Butterfield, the assistant cashier, and Mr. Samuelson is true, it is clear that the transaction was not with the bank, but with Samuelson as an individual; while if Mrs. Patterson and her husband are to be believed, the giving of the time check by Samuelson was a fraud upon her, and the bank is liable for the amount as a time deposit.

The first assignment of error is that the court erred in sustaining the motion to strike out part of the plaintiff's reply. The petition was for money had and received. The defendant admitted the receipt of the money and pleaded payment. The amended reply in substance admitted that the check for $450 was drawn upon the fund by the plaintiff as alleged in the answer; but further alleged that the check was given to transfer the $450 from an open deposit account in the defendant's bank to that of a time deposit in the defendant's bank, and that the time deposit had never been paid. The reply contained a number of other allegations, setting forth that the president of the bank, at the time the $450 check was drawn, gave plaintiff a paper signed by him individually, which she believed was a certificate of deposit, and thus perpetrated a fraud upon her.

We can see no departure in this reply from the cause of action stated in the petition. The subject matter of the action is the money which was deposited in the bank which the plaintiff claims has never been paid to her. When the bank set up payment by a check this was new matter, and the plaintiff was entitled in her reply to allege any facts which might exist, negativing and disproving the payment by check alleged in the answer. The reply is not in any manner inconsistent with the petition. In *Hoover v. Missouri P. R. Co.*, 16 S. W. (Mo.) 480, the facts were that a copartnership brought an action in the firm name; the answer set forth a release of the obligation, and the reply alleged that the release was a fraudulent contrivance collusively made between one of the partners and the defendant for the purpose of throwing the burden of the firm's indebtedness against the other partner. This was held to be a good plea to the release and properly set up in the reply. While the amended reply is not a model pleading by any means, we think that it was error upon the part of the learned trial judge to strike out all its allegations. It is apparent however from a consideration of the evidence and the rulings of the court thereupon that

the case was actually tried in the same manner as it would have been if the matter had not been stricken out. The court permitted the fullest investigation into all the facts and circumstances attending the transaction, and allowed the plaintiff to testify as to her understanding of the nature of the dealing between her and Samuelson, and to her reliance upon his official position as president of the bank when she accepted the time check and the renewal thereof. This being the case the plaintiff was in nowise prejudiced by the order striking out part of the reply.

The court properly laid the burden upon the bank to show by a preponderance of the evidence that it had paid her the amount of her deposit.

It is contended that the verdict is against the weight of evidence. Mrs. Patterson's own testimony shows that she had known Mr. Samuelson for twenty years, and that she reposed great confidence in his honesty and integrity. It was left to the jury to say whether or not the plaintiff dealt with Samuelson in his individual capacity or whether she dealt with him as president of the bank. The evidence might have supported a verdict for either plaintiff or defendant. It is in the determination of such matters as this that the peculiar benefit of the jury system lies. Experience has shown that the accumulated experience and wisdom of twelve unbiased and impartial men applied to the testimony in such a case as this is the best touchstone to discover the truth. It would be an invasion of the province of the jury to set aside the verdict as being against the weight of evidence.

Evidence was offered by the plaintiff to show that one Jacob Auch went to the bank some time in 1897, with money, and asked for a time deposit; that he was given by Mr. Samuelson a paper signed by him in his private capacity, in substance like the paper offered in evidence in this case; that he took it home before he noticed the character of the paper; that after he noticed this he took it back to the bank, and that Samuelson not being present in the bank the cashier cashed the paper. This evidence was

excluded by the court upon defendant's objections, as tending to prove no issue in the case. This evidence was apparently offered by the plaintiff either upon the theory that it tended to show a fraudulent intent by Samuelson in the transaction with the plaintiff or that it tended to show that the bank had been in the habit, custom or course of dealing of issuing paper signed by Mr. Samuelson in his individual capacity and of paying the same when it was presented. We are clear that it was not admissible under either theory. Evidence of other transactions than that under investigation is sometimes admissible. In cases of fraud, where the knowledge or intent of the person charged is in issue, such evidence within certain limits may be adduced. The extent to which this may be done however varies widely in different states. In this state in actions for relief upon the ground of fraudulent representations it is not necessary to prove *scienter* or fraudulent intent at the time of the making of such representations, and therefore evidence proving that the person to whom fraud has been imputed has dealt fraudulently at other times, and in transactions wholly disconnected with that which is being inquired into, is not competent, since it only tends to throw light upon the intention. *Johnson v. Galick,* 46 Neb. 817. But even where such evidence is admissible it is usually confined to transactions at or near the time at which the principal event occurred, and which are part of a general plan or scheme to defraud. The evidence tendered was that in 1897, two years before the transaction with Mrs. Patterson, a similar transaction was had with Mr. Auch. This evidence standing alone we think is too far removed from the transactions now being considered to be admissible, even under a more liberal rule than obtains in this state.

The deposition of M. D. Ulmer, offered by the plaintiff and excluded by the court, showed that about the month of January, 1902, he had a time deposit in the bank; that he received a paper signed only by Mr. Samuelson; that the next time he went to town he drew the money out of

the bank, and was paid either by Samuelson or Liggett, he could not say which. The testimony of the witness was too vague, indefinite and obscure to be admissible, even if it fell within the rule admitting evidence tending to show a course of dealing by the bank. His evidence as to the contents of the paper was clearly incompetent and was properly rejected.

The court gave the following instruction which is assigned as error: "The court instructs the jury that it is an elementary principle of law that fraud is never presumed, but must be clearly and distinctly proved by the party alleging it. In the case at bar, the plaintiff alleges that the giving of her check for $450 to Samuelson, the charging of her account for a like amount, and the crediting of Samuelson's account for $450, together with the two time checks given to her, each for one year, by Samuelson, were fraudulent. The law presumes that this transaction was in all respects fair and honest, and before the plaintiff would be entitled to recover she must prove to you, by a preponderance of the evidence, not only that the check drawn on the bank for $450 was fraudulently procured from her, but that the time check for $450 given her by F. W. Samuelson, due in one year, as well as the renewal of the same, due in one year, were both fraudulent."

This instruction is clearly erroneous. It tells the jury that before the plaintiff would be entitled to recover she must prove, by a preponderance of the evidence, that the $450 check given by her to the bank was fraudulently procured, and must also prove that the time check for $450 and its renewal, given her by Samuelson, were fraudulent. This is a misstatement of the issue in the case, and places the burden of proof upon the wrong party. Under the evidence the plaintiff was entitled to recover unless the bank showed, by a preponderance of the evidence, that she intended by the transaction in question to change her deposit in the bank to a loan to Samuelson individually. The check drawn by her was payable to the bank, and the burden of proof was upon the bank to show that the transac-

tion by which her money was paid to Samuelson, instead of being placed as a time deposit, for which purpose she says the check was given, was had with her knowledge and consent, and the money thus paid at her request, and it was error to state otherwise. *Ziegler v. First Nat. Bank,* 93 Pa. St. 393; *Steckel v. First Nat. Bank,* 93 Pa. St. 376; *Resh v. First Nat. Bank,* 93 Pa. St. 397.

Complaint is made of instruction No. 2, given on the court's own motion, but the plaintiff's instruction No. 8 requested and given, as well as No. 2, given by the court, are alike subject to criticism as confusing the issue, hence she cannot well complain of No. 2. In a new trial upon the same issues neither of these instructions should be given in the same form as now.

The court refused to instruct that the check given by plaintiff payable to the First National Bank was a receipt. In the absence of other evidence a paid check drawn to payee or order is *prima facie* a receipt from the payee to the drawer. It is not conclusive, but is open to explanation or denial. It is a circumstance to be considered however, and the plaintiff is entitled to the full weight of the presumption. On its face the check bore out the plaintiff's theory of the case. Unexplained it was evidence of the payment of $450 from Mrs. Patterson to the First National Bank. The bank was entitled to explain or contradict its purport, but the plaintiff also had the right to ask that the jury be instructed as to the legal presumptions arising from the paper.

We do not agree with plaintiff's contention that the facts, even if found to be as claimed by defendant, do not show payment. If the jury believed the testimony of the bank officers, the debt of the bank was paid as effectually as if Samuelson in his capacity as president of the bank had paid the money over the counter to Mrs. Patterson, and she had returned it to him in specie as a loan. It is a familiar rule that when the hand to pay is also the hand to receive, the law does not require a useless formality, but the payment is made when the accounts are credited and debited and the transaction closed.

For the errors set forth, we recommend that the judgment be reversed and the cause remanded for further proceedings.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.