788 NEBRASKA REPORTS. [VOL. 112

State, ex rel. Davis, v. Farmers State Bank.

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, APPELLEE,V. FARMERS STATE BANK OF WINSIDE, APPELLEE: FRANK H. CARPENTER, APPELLANT.

FILED DECEMBER 29, 1924. No. 23271.

1. Banks and Banking: RECEIVERS. "Ordinarily a receiver takes charge of banking affairs where the bank left them, and cannot generally, in absence of fraud, mistake, or violation of law, open closed transactions which would conclude the bank, if solvent." *State v. South Fork State Bank, ante,* p. 623; *State v. American Exchange Bank,* p. 834, *post.*

2. ———: GUARANTY FUND: LIABILITY. A person leaving money in a solvent state bank and accepting therefor a time certificate of deposit bearing on its face interest at the rate of 5 per cent.. is not entitled to the protection of the bank guaranty law during the existence of a secret oral agreement for additional interest.

3. ———: ———: ———. Where a bank's time certificate of deposit, bearing interest at the rate of 5 per cent.. represents actual money left with the bank, a secret oral agreement for additional interest may be abandoned by an arrangement to that effect, if made in good faith upon the surrender of the certificate and, in lieu thereof, the issuance of a new one for the amount actually deposited with interest at the rate of 5 per cent. from the new date, and under such circumstances the new certificate may be within the protection of the bank guaranty law.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Reversed in part.*

*A. R. Davis* and *H. E. Siman,* for appellant.

*Fred S. Berry* and *C. M. Skiles, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

ROSE, J.

This is a controversy between the receiver of the Farmers State Bank of Winside, an insolvent corporation, and Frank H. Carpenter, claimant, who pleads that he is an unpaid depositor entitled to the protection of the bank guaranty law. The department of trade and commerce took charge of the bank in a failing condition November

VOL. 112] ` SEPTEMBER TERM, 1924. 789

State, ex rel. Davis, v. Farmers State Bank.

7, 1921, when it was indebted to claimant in the sum of $15,000, evidenced by two certificates of deposit which had been issued by the bank to claimant September 1, 1921. one for $10,000 and the other for $5,000, each bearing on its face interest at the rate of 5 per cent. per annum and maturing March 1, 1922. In a proceeding by the state to wind up the affairs of the bank, Carpenter filed with the receiver a claim for $15,000 and interest, based on the two certificates of deposit mentioned, praying for payment out of the bank guaranty fund. On the ground that claimant and executive officers of the bank had a secret oral agreement for interest in excess of 5 per cent. per annum, the receiver pleaded that claimant was not a depositor within the meaning of the bank guaranty law. Upon a trial of the issues raised by the pleadings, the district court allowed the claim as a general one against the assets of the bank in the hands of the receiver, but decreed that claimant, on account of the oral agreement pleaded by the receiver, was not entitled to the protection of the bank guaranty law. Claimant has appealed.

On undisputed evidence the district court found that claimant was a general creditor of the bank to the extent of $15,000 and interest, but there seems to be error in the ruling that the agreement for interest in excess of 5 per cent. prevents a resort to the bank guaranty fund. Comp. St. 1922, sec. 8008.

On former certificates issued by the bank to claimant, the latter had received interest in excess of the maximum authorized by the bank guaranty law, and whether that infirmity extends to or inheres in the later certificates of deposit on which the present claim is founded is the question for determination.

Claimant had been a depositor in the bank for a number of years before it failed. He was a farmer and had deposited in the bank proceeds of the sale of a farm. As early as October 20, 1919, he held three time certificates of deposit aggregating $13,500. These represented actual deposits of money and bore 5 per cent. interest only. Noth-

790          NEBRASKA REPORTS.          [Vol. 112

State, ex rel. Davis, v Farmers State Bank.

ing in excess of that rate was contemplated or paid in any form during the original transactions. Claimant was at first a depositor in strict conformity to the bank guaranty law and left his time deposits in the bank after they matured. They were soon increased to $15,000. The original certificates were surrendered and, in lieu thereof, new ones in different denominations aggregating $15,000 were issued, bearing on their face 5 per cent. interest and reciting that the deposits were protected by the bank guaranty fund of the state. There were other transactions of a similar nature from time to time upon maturity of certificates. In the meantime claimant and officers of the bank entered into an oral agreement for additional interest, but not involving usury. Pursuant to this arrangement, the bank on two occasions paid, and claimant accepted, the increase. While receiving additional interest under the oral contract, claimant, of course, was not entitled to the protection of the bank guaranty law.

The agreement for additional interest, however, did not necessarily affect the two certificates in controversy. They were issued September 1, 1921, and represented a sum of money previously deposited by claimant and never returned. They recited that they bore 5 per cent. interest. That rate was authorized by the bank guaranty law. When older certificates were surrendered September 1, 1921, and claimant received in lieu thereof the certificates under consideration, the former transactions, unless involved in fraud, mistake, or violation of law, bound claimant and the bank as well as the receiver. A principle of law applicable to the facts was recently stated in this form:

" Ordinarily a receiver takes charge of banking affairs where the bank left them, and cannot generally, in absence of fraud, mistake, or violation of law, open closed transactions which would conclude the bank, if solvent." *State v. South Fork State Bank, ante,* p. 623; *State v. American Exchange Bank,* p. 834, *post.*

As between claimant and the bank, the oral arrangement for additional interest was a legitimate transaction in

State, ex rel. Davis, v. Farmers State Bank.

which both parties were competent to join. It did not release the bank from its obligation to pay plaintiff the amount of the certificates with additional interest. The allowance of the claim as a general one was equivalent to a finding that it was not tainted by fraud. The effect of the transaction was to prevent a resort to the bank guaranty fund while the oral agreement was in force. *State v. American Exchange Bank*, p. 834, *post*. The surrender of former certificates on which additional interest was paid closed the transactions to the receiver, unless the oral understanding extended to the two certificates in controversy. On their face, they were strictly within the protection of the bank guaranty law. They so recited and bore interest at the rate of 5 per cent. only. These two certificates, aggregating $15,000, did not include any sum for excessive interest. While surrendering the old certificates for the new ones in the same amount, claimant complained that 5 per cent. was not enough, but the cashier told him at the time that he could not pay more. It required the consent of both parties to change the terms of the written instruments. Such consent was never given. Claimant accepted the final certificates at their face without any agreement for additional interest and none was ever paid. The proper inferences from the undisputed facts are that the agreement for more than 5 per cent. interest on former certificates was finally abandoned and that the bank retained claimant's $15,000 as a deposit within the meaning of the bank guaranty law.

That part of the judgment to the contrary is reversed and the cause remanded for the purpose of requiring payment of Carpenter's claim from the bank guaranty fund.

REVERSED.