834　　　NEBRASKA REPORTS.　　　[VOL. 112

State, ex rel. Spillman, v. American Exchange Bank.

---

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
AMERICAN EXCHANGE BANK OF BRISTOW:
ANNA ERICKSON, INTERVENER, APPELLANT: LUCIAN L.
COOK, RECEIVER, APPELLEE.

FILED DECEMBER 29, 1924.　No. 24060.

1. **Banks and Banking**: GUARANTY LAW: DEPOSIT. A deposit in a bank to come within the protection of section 8024, Comp. St. 1922, need not necessarily be money; it may be money or the equivalent of money.

2. ———: RECEIVER. "Ordinarily a receiver takes charge of banking affairs where the bank left them, and cannot generally, in absence of fraud, mistake, or violation of law, open closed transactions which would conclude the bank, if solvent." *State v south Fork State Bank*, ante, p. 623.

3. ———: GUARANTY FUND: LIABILITY. When money is deposited in a state bank and certificate of deposit issued therefor drawing 6 per cent., and afterwards, while the bank is a going concern, in ordinary course of business, such certificate is surrendered and new certificate issued in lieu thereof drawing 5 per cent., *held*, that, on subsequent failure of the bank, ordinarily the latter is entitled to be paid out of the depositors' guaranty fund.

4. **Evidence** examined, and *held* sufficient to sustain a decree recommending the payment of claims allowed out of the depositor's guaranty fund.

APPEAL from the district court for Boyd county: ROBERT R. DICKSON, JUDGE. *Affirmed as modified.*

J. P. Palmer, for appellant.

Fred S. Berry, W. T. Wills and C. M. Skiles, contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ.

THOMPSON, J.

The American Exchange Bank of Bristow, Boyd county, failed January 11, 1923, and was placed in the hands of a receiver. Anna Erickson, intervener and appellant herein, filed claims on three certificates of deposit, one for $5,000, No. 2633, one for $3,461.41, No. 2634, and one for $621.13, No. 2636, each of which was dated October 21, 1922. These claims were recommended for disallowance by the receiver, and pleadings were ordered filed. In compliance therewith intervener, Erickson, filed a petition, praying for allowance of such claims, and that payment be had out of the guaranty fund.

The receiver filed an answer, setting forth copies of each and all certificates of deposit which had been issued by the bank to Mrs. Erickson. The first of these certificates was issued November 30, 1918, and the last October 21, 1922. The last three are the above, which were renewals of two dated October 21, 1921, in the amounts of $621.13 and $4,461.41, and one dated April 21, 1922, in the amount of $5,000. $1,000 had been paid on the $4,461.41 certificate before it was taken up by certificate number 2634. He further alleged: " That said certificates are not protected by the depositors' guaranty fund of the state of Nebraska for the reason that there was a fraudulent agreement between the parties that the bank should pay the said Anna Erickson, and did pay the said Anna Erickson, a bonus of 1 per cent. in addition to the 5 per cent. named in said certificates, thus creating an excessive rate of interest, and said certificates did not represent a deposit but represented a loan "

Anna Erickson, for reply, admitted all of her transactions with this bank as set forth in the receiver's answer, but denied the paragraph thereof which alleged that there was a fraudulent agreement for the payment of an excessive rate of interest and that interest was paid in excess of 5 per cent.

Trial had, judgment for Anna Erickson as a general creditor, but denied payment out of the guaranty fund. She appeals.

We find from the evidence that Mrs. Erickson, a woman of Swedish descent and with limited education, began depositing cash in appellee bank in 1918, receiving therefor certificates of deposit drawing 5 per cent. interest. As time went by her deposits increased and new certificates were issued, some as renewals and some for added deposits, up to April 12, 1920, at which time she wrote to Frostrum, president of the bank, also of Swedish descent, inclosing two certificates, one for $800, dated May 27, 1919, and one for $2,152.50, dated June 9, 1919, and demanded cash for same. The bank computed the interest on these at 5 per cent., merging them in one certificate of the amount of $3,079.86, being certificate No. 2016 dated April 12, 1920, and sent it to her. She returned it and asked Frostrum to forward cash for the amount represented by the certificate. He returned it, at the same time stating by letter that he would give her 6 per cent., and that her money would be secure under the guaranty law of the state and safe.

The evidence further shows that she was in fact without actual knowledge of the law denying such deposit protection under our guaranty statutes. She first learned of the nonprotected nature of a deposit drawing in excess of 5 per cent. interest in October, 1921, and immediately went to Bristow and, as she testified, " I did go to the bank and ask them if that I found out it should be against the law, and I asked them to renew my certificates and take everything away, everything that was against the law so I should be protected." On cross-examination her answers were in substance the same. At the time of her visit the bank was a going concern.

Acting upon her suggestion, and, as she believed, in accordance therewith, new certificates, of which the ones sued on are renewals, were issued to her, each of which on its face drew 5 per cent. Whether or not 6 per cent. was computed and merged in the $4,461.41 certificate, hereinbefore mentioned, is not clear, but whether it was or not the transaction formed a legal obligation running from the bank

to her, and was cash or the equivalent thereof deposited on that day. *State v. Banking House of A. Castetter,* 110 Neb. 564; *State v. South Fork State Bank, ante,* p. 623. This closed her business with the bank and brought all certificates within our guaranty of deposits statutes, and they so continued, thus bringing the case clearly within the rule of the law announced in *State v. South Fork State Bank, supra:* " Ordinarily a receiver takes charge of banking affairs where the bank left them, and cannot generally, in absence of fraud, mistake, or violation of law, open closed transactions which would conclude the bank, if solvent." See *United States v. State of Oklahoma,* 261 U. S. 253.

Appellee relies on *Iams v. Farmers State Bank,* 101 Neb. 778. In that case both parties intended to contravene the statute, and it was so held. The extra interest had been regularly paid when due. The original transaction, with no attempt to purge it, continued up to the bank's insolvency and charge taken of it by the district court looking to its closing and dissolution, and suit brought on such certificate. In this case no one can seriously contend that claimant knew other than the law presumes she knew, that by taking 6 per cent. she was placing the transaction outside our statutes' beneficent provisions as to the guaranty of deposits. As soon as she learned that, by contracting for 6 per cent. she was not within the guaranty statute, she did everything possible to remedy the evil. She requested that all excess interest be taken out of the money due her and new certificates issued. This was done, as she believed.

A contract for 6 per cent. is not illegal in the sense of being unenforceable as against the bank. It is simply one not within the guaranty statutes. A depositor may take his choice, receive 5 per cent. and be within the statutes as a depositor, or 6 per cent. and be without, as one holding a loan. If he concludes to change a loan not so secured to a deposit secured, ordinarily he may do so. *State v. Banking House of A. Castetter, supra; State v. Grills,* 35 R. I.

70'; *Patterson v. First Nat. Bank*, 73 Neb. 384.   The fifth paragraph of syllabus of the last cited case is as follows:   " Where the hand to pay is also the hand to receive, payment may be made by a transfer of credits upon the books of a bank."

It is therefore considered by the court that judgment of the trial court, in so far as it holds Anna Erickson's claims general ones, should be, and hereby is, set aside, and the amounts found due her by such judgment are ordered paid out of the depositors' guaranty fund.

AFFIRMED AS MODIFIED.