826      NEBRASKA REPORTS.      [VOL. 114

State, ex rel. Spillman, v. Farmers State Bank.

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, APPELEE, V. FARMERS STATE BANK OF BUSHNELL: LINCOLN LIBERTY LIFE INSURANCE COMPANY, INTERVENER, APPELLANT.

FILED NOVEMBER 19, 1926.   No. 25121.

1. **Banks and Banking:** RECEIVERS. Ordinarily a receiver takes charge of banking affairs where the bank left them, and cannot generally, in absence of fraud, mistake, or violation of law, open closed transactions which would conclude the bank, if solvent.

2. ———: DEPOSITS: EVIDENCE. A plea that a time certificate of deposit, valid on its face as a claim against the bank guaranty fund, was tainted by an unlawful collateral agreement, *held* not established by the evidence.

APPEAL from the district court for Kimball county: J. LEONARD TEWELL, JUDGE. *Reversed.*

*C. J. Campbell,* for appellant.

*O. S. Spillman, Attorney General, C. M. Skiles, Homer L. Kyle* and *McIntosh & Martin, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a controversy between the receiver of the Farmers State Bank of Bushnell, an insolvent state banking corporation, and the Lincoln Liberty Life Insurance Company, claimant, over a demand for the payment of five certificates of deposit, aggregating $4,000, out of the bank guaranty fund.

The bank went into the hands of a receiver in July, 1923. In the proceedings to wind up its affairs claimant intervened and presented for allowance five certificates of deposit, all dated April 28, 1923, each bearing interest at the rate of 5 per cent. per annum, the dates of maturity and the amounts being as follows: July 15, 1923, $500; August 15, 1923, $500; September 15, 1923, $1,000; October 15, 1923, $1,000; November 15, 1923, $1,000. These five certificates, all unpaid, amounting to $4,000, were, to that extent, renewals of a 5,000-dollar certificate evidencing an original deposit by claimant October 28, 1922, payable April 28, 1923. Two other renewal certificates dated October 28, 1922, based on the same original deposit, each for $500, were also issued by the bank to claimant, but they were subsequently paid. The amount in controversy is the $4,000 evidenced by the five unpaid renewal certificates of deposit aggregating that sum.

The demand for payment out of the bank guaranty fund was challenged by the receiver in his answer on the ground that the unpaid certificates dated April 28, 1923, were issued pursuant to a collateral agreement obligating claimant, in violation of a statute which went into effect April 7, 1923, to make bank deposits in sums proportioned to the amount of life insurance procured by officers of the bank for claimant. Laws 1923, ch. 191, sec. 39. The facts pleaded as a defense were treated as if denied in a reply to the answer. Upon a trial of the issues the district court allowed the claim as a general indebtedness of the bank, but disallowed it as a charge against the bank guaranty fund. Claimant appealed from the disallowance.

Was a resort to the bank guaranty fund defeated by a collateral agreement forbidden by statute? Laws 1923, ch. 191, sec. 39. The original certificate and the renewals evidence deposits conforming to the bank guaranty law. Each is regular on its face. The bank in fact received from claimant $5,000 October 28, 1922, and paid back $1,000 only, retaining the rest until the state closed its doors. In the meantime the creditors of the bank, the bank itself, and the

828 · NEBRASKA REPORTS. [VOL. 114

State, ex rel. Spillman, v. Farmers State Bank.

guaranty fund had whatever protection the deposits afforded. Power to examine the bank and to disburse the bank guaranty fund had been committed to the state department of trade and commerce and not to claimant. The receiver took charge of the banking affairs in July, 1923, where the bank had left them, and cannot, in absence of fraud, mistake or violation of law, open closed transactions which would conclude the bank, if solvent. *State v. South Fork State Bank,* 112 Neb. 623; *State v. American Exchange Bank,* 112 Neb. 834; *State v. Farmers State Bank,* 112 Neb. 788.

Claimant made a *prima facie* case. Afterward the burden was on the receiver to prove the collateral agreement pleaded by him as a defense. He was required to overturn written evidence of legitimate banking transactions — the issuance of the certificates of deposit while the bank was in operation as a commercial enterprise. In this situation the receiver argues that claimant's money, pursuant to a mutual understanding, was entrusted to the bank in part consideration for the procuring of insurance at the ratio of $100 in deposits to $1,000 in insurance, a collateral agreement forbidden by the statute cited. The receiver, to maintain his position, relies on correspondence between claimant and officers of the bank, on circumstances surrounding the transactions and on inferences from oral testimony, from the procuring of insurance and from the making of the deposits. In the correspondence officers of the bank and claimant exchanged views on the advisability of a permanent agreement like that pleaded as a defense, but there is nothing to show the consummation of such an arrangement. The letters themselves tend to negative a permanent understanding. There is no evidence of a single or temporary collateral agreement applicable to the original deposit of $5,000 or to the renewals. There is, however, positive testimony by an officer of claimant that there was no illegal consideration or collateral agreement for the original deposit or for the renewals thereof. In view of both written and oral proofs of legal transactions, the circum-

stances are insufficient to prove a violation of law. The evidence has been examined from every standpoint without finding anything substantial to prevent claimant from participating in the bank guaranty fund. That part of the judgment from which the appeal is taken is therefore reversed and the cause remanded to the district court for the purpose of granting the prayer of claimant's petition.

REVERSED.