VOL. 114]  SEPTEMBER TERM, 1926.  867

State, ex rel. Spillman, v. Citizens State Bank.

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
CITIZENS STATE BANK OF ROYAL: ROLLIE W. LEY,
RECEIVER, APPELLEE: SADIE SHAFER, CLAIM-
ANT, APPELLANT.

FILED NOVEMBER 19, 1926.  No. 24294.

Banks and Banking: GUARANTY FUND: LIABILITY. When money is
deposited in a state bank and certificate of deposit issued there-
for drawing interest in excess of the maximum statutory rate,
and afterwards, by agreement, while the bank is a going con-
cern, in ordinary course of business, without fraud, mistake,
ulterior motives, or violation of law entering therein, such cer-
tificate is surrendered and a new one issued in lieu thereof
drawing a rate of interest not in excess of such maximum, such
a deposit becomes a proper charge against the bank guaranty
fund. In such case, including in such renewal certificate accumu-
lations of excess interest accruing on others to which it is
sequent does not prevent such allowance.

APPEAL from the district court for Antelope county:
ANSON A. WELCH, JUDGE. *Remanded, with directions.*

*Williams & Kryger,* for appellant.

*C. M. Skiles, Fred S. Berry* and *James E. Brittain, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD
and THOMPSON, JJ.

THOMPSON, J.

The Citizens State Bank, as we find from the record, was
organized in 1913 for the purpose of conducting a general
banking business as is usual under the banking laws of this
state, and continued to transact such business until No-
vember 21, 1923, when it became, and was found to be
insolvent. A receiver was duly and legally appointed by
the district court for Antelope county, who proceeded to
wind up its affairs. Shortly after the bank's organization,
to wit, November 19, 1913, Sadie Shafer, claimant and ap-
pellant herein, became a time depositor thereof in the sum
of $300. As evidence of such deposit, a certificate was

868 NEBRASKA REPORTS. [VOL. 114

State, ex rel. Spillman, v. Citizens State Bank.

issued and delivered to her therefor, due and payable six months from date, drawing 5 per cent. interest. On the maturity of such certificate the president of the bank told claimant that, on account of the bank just starting, such bank would allow her a premium on her deposit of one-half of 1 per cent. per annum, and thereupon interest at 5½ per cent. was added to the amount of such certificate and included in the renewal of the one issued to claimant on November 19, 1913. Thereafter additional sums were deposited in such bank from time to time, and every six months renewal certificates were issued which included the amounts thus deposited, the amount of the certificate renewed, and interest at 5½ per cent. thereon. Thus the business between the bank and this claimant continued as to such certificates up to and including certificate No. 1860, issued November 19, 1922, for $2,297, which certificate was renewed May 19, 1923, by certificate No. 1891, here in question, which latter represented the following items: Face of certificate renewed $2,297, interest thereon at 5 per cent. for six months or $57.45, deposit made May 19, 1923, $350, total $2,704.45.

Certificate No. 1911 was the outgrowth of a deposit of $600 made February 27, 1917, for a period of six months, drawing 5 per cent. interest as appearing on its face, but in fact by agreement drawing 5½ per cent.; and thereafter at intervals of six months certificates of deposit were regularly issued in renewal of such deposit, which renewal certificates included interest at 5½ per cent. on the certificate renewed, and additional deposits, up to and including certificate No. 1875, issued February 28, 1923, which certificate was renewed August 28, 1923, by certificate No. 1911, here in controversy, which latter represented the following items: Face of certificate renewed $1,027.75, interest at 5 per cent. for six months or $25.70, total $1,053.45.

On the failure of such bank, claims were lodged in due form by such Shafer with the receiver of such bank praying that each be allowed and ordered paid out of the bank

guaranty deposit fund of the state. On the receiver denying the prayer of such petitioner as to each of such claims, issues were duly joined in the district court for such county. The claimant's petition was in the usual form, and objections to the allowance thereof were interposed by the receiver, for the following reasons: (1) That such alleged certificates did not represent and were not based upon money or its equivalent placed in such bank; (2) that such certificates of deposit were issued without adequate consideration, and that the same represented and were a mere loan of funds to such bank, and not a deposit; (3) that, just before and at the time and as a part of the agreement of and for such respective deposits, it was agreed between the bank and such claimant that the claimant should receive thereon interest exceeding 5 per cent. per annum, to wit, 5½ per cent. per annum, payable semi-annually, and that each and all of such respective deposits going to make up the amount as appearing on the face of each of such respective certificates are and were in fact agreed to be not deposits of money in the usual form, but loans of money from the claimant to the bank at the agreed rate of interest of 5½ per cent. To this claim of the receiver a general denial was interposed, the case tried to the court, and judgment rendered allowing each of such certificates, together with 5 per cent. interest from the date thereof as a general claim against the bank; and the court further ordered that of the amount found due on certificate No. 1911 one certain deposit made May 19, 1923, of $350, being a part of such certificate, was not covered by such 5½ per cent. interest agreement; that it was an ordinary deposit, and that claimant was entitled to judgment for such deposit, with interest at 5 per cent. thereon from May 19, 1923, to wit, in the amount of $358.75 to be allowed as a preferred claim payable if necessary from the depositors' guaranty fund, and that the balance of the two respective claims, to wit, $3,479.05, be allowed as a nonpreferred or general claim only.

From this judgment the claimant appeals, and presents errors in substance as follows: (1) That the decision of the court is contrary to law; (2) that it is not sustained by the evidence and is contrary thereto.

The claimant testified: "On account of numerous failures of banks and getting to understand the law better, I felt that it wasn't safe and wasn't possibly protected under the guaranty law, so I asked them (the officers in charge of the bank) to reduce the interest to 5 per cent., which they did." That she did and they did just what she swears was done is without opposing proof, and is strengthened by the acts of the bank as shown by its records when the certificates in question were issued. The interest on the respective certificates thus renewed was computed at 5 per cent., and not at 5½ per cent., and the renewals drew, and were understood to draw, but 5 per cent. Her contention is further supported by the books of the bank, in this: At all previous renewals the respective computed interest at 5½ per cent. was shown on the books of the bank as interest charges, save the last few, which were computed as above indicated, and such interest payment entered in the expense account. As to the renewals in question, the bank book entry showed but a 5 per cent. interest charge for the six months preceding the issuance of each of these respective certificates. Hence, at a time when the bank was a going concern and perfectly solvent, at the request of the depositor, and upon a sufficient consideration, to wit, the reduction of interest, and by and with the consent of the bank, without any fraud, mistake, ulterior motives, or violation of law entering into the transaction, these loans drawing 5½ per cent. interest (or as we have said deposits not within the provisions of the depositors' guaranty law) were converted into deposits drawing 5 per cent. interest, within the protection of such law. Thus these matters stood at the time this institution was placed in the hands of the receiver, and thus they must remain. *State v. American Exchange Bank,* 112 Neb. 834; *State v. American Exchange Bank, ante,* p. 626.

State, ex rel. Spillman, v. Citizens State Bank.

The cause is therefore remanded to the district court, with directions to modify its judgment so as to include the entire amount of certificates No. 1891 and No. 1911, and direct that they be paid out of the bank guaranty fund.

REMANDED, WITH DIRECTIONS.