**396**        NEBRASKA REPORTS.        [VOL. 115

State, ex rel. Spillman, v. Monowi State Bank.

---

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. MONOWI STATE BANK: WENZL DIEZ, INTERVENING CLAIMANT, APPELLEE: VAN E. PETERSON, RECEIVER, APPELLANT.

FILED APRIL 12, 1927.    No. 24789.

APPEAL from the district court for Boyd county: ROBERT R. DICKSON, JUDGE. *Affirmed as modified.*

*C. M. Skiles, Fred S. Berry* and *James E. Brittain,* for appellant.

*John A. Davies, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

This action grows out of the failure of the Monowi State Bank. Wenzl Diez presented 13 certificates of deposit, aggregating $54,891.89, and asked that they be allowed as preferred and adjudged payable from the depositors' guaranty fund. Objections were made by the receiver, and on hearing the trial court found for the claimant and allowed all the certificates of deposit, together with interest thereon at the rate of 5 per cent. per annum from their respective dates to March 6, 1925, the date on which judgment was entered. The receiver appeals.

It is contended by the receiver that claimant was not entitled to a preference, because a bonus had been paid, in

State, ex rel. Spillman, v. Monowi State Bank.

.addition to the 5 per cent. interest, and because the deposits were made upon a collateral agreement; and, further, that, even if entitled to a preference, the trial court awarded the claimant more interest than he should have received under the rule established by this court.

We have carefully examined the record and upon the main question conclude that this case is ruled by the holdings of this court in the following cases: *State v. American Exchange Bank,* 114 Neb. 626; *State v. Citizens State Bank,* 114 Neb. 867; *State v. Wayne County Bank,* 112 Neb. 792; *State v. Farmers State Bank,* 112 Neb. 474; *State v. American Exchange Bank,* 112 Neb. 834. The trial court followed the rule laid down in the cases cited and properly adjudged that the claims were entitled to preference and were payable from the depositors' guaranty fund.

However, it appears from the record that five of the certificates of deposit had, by their terms, matured before judgment was entered, and the trial court allowed interest at the rate of 5 per cent. per annum, the rate of interest specified in the certificates of deposit, from their date to the date of entry of the judgment.

Under the previous rule announced by this court in *State v. Farmers State Bank,* 113 Neb. 679, interest should have been reckoned on the certificates that had matured only until the date of the maturity, and no interest should have been allowed after their maturity.

We find from an examination of the record that the court erroneously included, and awarded the claimant, excessive interest in the amount of $113.75. The total judgment entered in favor of the claimant was $57,520.90. It should have been $113.75 less, or $57,407.15. In all other respects the judgment of the district court is right.

The judgment of the district court is therefore modified so as to allow claimant a judgment of $57,407.15, as of date March 6, 1925, payable from the depositors' guaranty fund as a preferred claim, and, as modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.