606    NEBRASKA REPORTS.    [VOL. 115

State, ex rel. Spillman, v. Macy State Bank.

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, v. MACY STATE BANK: ROLLIE W. LEY, RECEIVER, APPELLEE: METROPOLITAN SAVINGS BANK & TRUST COMPANY, CLAIMANT, APPELLANT.

FILED MAY 7, 1927. No. 25651.

1.  **Banks and Banking:** GUARANTY FUND: DEPOSITS. During the time a state bank is permitted by the banking department to remain open for commercial banking and thus continues in full exercise of its charter powers, under full charge and apparent control of its own officers, a transaction had with it by a depositor, in good faith, of such nature as to ordinarily create a deposit within the protection of the guaranty law, cannot be successfully challenged in behalf of the guaranty fund on the sole ground that at the time of such transaction such bank was deficient in lawful reserve, or was even insolvent.

2.  **Evidence** examined, and *held* to establish the good faith of claimant as a "depositor" and its right to the payment of its claim as such from the guaranty fund.

State, ex rel. Spillman, v. Macy State Bank.

APPEAL from the district court for Thurston county: MARK J. RYAN, JUDGE, *Reversed.*

*Ziegler & Dunn,* for appellant.

*C. M. Skiles, Fred S. Berry* and *James E. Brittain,* contra.

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

The Macy State Bank, due to financial straits, was taken over by the department of trade and commerce on June 25, 1925, and placed in the charge of the guaranty fund commission of the state of Nebraska.

On August 21, 1925, pursuant to an order of the district court for Thurston county, in an action entitled the State of Nebraska, ex rel. O. S. Spillman, Attorney General, v. Macy State Bank of Macy, Nebraska, a receiver was duly appointed.

Thereupon there was presented by the Metropolitan Savings Bank & Trust Company, successors to the Metropolitan National Bank, a claim in the sum of $1,000 based upon a certificate of deposit for that amount, dated March 14, 1925, due two months after date. From the order of the district court denying its allowance "as a claim having priority of payment, and payable from the depositors' guaranty fund of Nebraska," claimant appeals.

The facts surrounding this transaction are as follows: Pursuant to arrangements with one J. E. Elliott, who was not connected with the bank and was then at Pittsburgh, Pennsylvania, on April 28, 1923, certificate No. 251 was made out payable to the order of J. E. Elliott, and was mailed by the Macy bank to him. No money was received by the Macy bank on that day, but a cash item was placed in the till to balance the entry made. On May 7, 1923, a letter dated May 3, 1923, was received from the Metropolitan National Bank of Pittsburgh inclosing a draft for $5,080.25, and stating further: "Proceeds of your

certificate of deposit to the order of J. E. Elliott which kindly place to his credit." On the same day a check for $169.75 was received from J. E. Elliott to cover the difference between the face of the certificate of deposit and the amount of this draft. This certificate was thereafter renewed from time to time, and the following narrates the subsequent history of the transaction, setting forth the date, number, and amount of each renewal, the difference in amounts between successive renewals representing the payments made upon the indebtedness thus evidenced by the Macy bank:

| October | 31, 1923 | No. 280 | $5,250 |
| December | 31, 1923 | No. 287 | $5,250 |
| February | 29, 1924 | No. 306 | $5,250 |
| June | 4, 1924 | No. 319 | $5,250 |
| July | 2, 1924 | No. 323 | $3,500 |
| October | 3, 1924 | No. 339 | $1,750 |
| January | 3, 1925 | No. 369 | $1,000 |
| March | 14, 1925 | No. 391 | $1,000 |

It is upon the certificate of $1,000 last named that the claimant based its application for an allowance, which was rejected, and from which it appeals.

The receiver, in support of his objections to the allowance of the claim as against the guaranty fund, contends that, so far as right to participate in guaranty fund is concerned, the status of a certificate of deposit is fixed when issued (*Fourth Nat. Bank v. Wilson,* 110 Kan. 380, *State v. Farmers State Bank,* 112 Neb. 380) ; that in the instant case the original certificate of deposit was, because of the facts surrounding its issue, not within the protection provided by the guaranty law. This contention may be conceded, but neither the letter of the rule referred to, the reasons on which it is based, nor the authorities cited in its support, necessarily render it applicable to "renewals" which are made in good faith, in a manner sanctioned by custom, on terms within the provisions of statute, while the bank involved is a going con-

cern. Indeed, this court, by repeated decisions, is thoroughly committed to the contrary rule. *State v. Wayne County Bank,* 112 Neb. 792; *State v. American Exchange Bank,* 112 Neb. 834; *State v. South Fork State Bank,* 112 Neb. 623; *State v. American Exchange Bank,* 114 Neb. 626; *State v. Newcastle State Bank,* 114 Neb. 389.

Giving full force and effect to the letter of the rule, the reasons which support it, and the authorities quoted which announce it, it is not necessarily controlling in this case. Here, the bank received every dollar of the amount evidenced by the first certificate of deposit issued. The interest rate in this transaction has, at all times, been strictly within the 5 per cent. limitation then in force, and the other terms of the renewals, so far as shown by the record, were completely in conformity with the provisions of the guaranty law. There is nothing in the evidence which, in any manner, brings home to the claimant knowledge or notice of the financial condition of the Macy bank, or the slightest participation in the irregularities that took place behind the doors of that institution at the time of the issuance of the original certificate of deposit. The claimant appeared first in the record as a purchaser in good faith of a written obligation concededly good against the Macy bank, and whose subsequent actions were strictly in conformity with the law relating to the protection of *bona fide* deposits.

True, the Metropolitan Savings Bank was importuned to renew the certificates from time to time, but this court has held: "The soliciting and receiving of funds by a solvent bank do not necessarily show the making of loans as distinguished from deposits within the meaning of the bank guaranty law." *State v. Newcastle State Bank, supra.*

Indeed, the principle announced in the opinion of this court in *State v. American Exchange Bank,* 114 Neb. 626, would seem applicable to the facts before us: "It seems however that, assuming the existence of an illegal contract and payment of interest in excess of 5 per cent. on

610        NEBRASKA REPORTS.        [VOL. 115

State, ex rel. Spillman, v. Macy State Bank.

prior certificates, this will not necessarily taint renewals upon which no excess was paid nor agreed to be paid *(State v. Wayne County Bank,* 112 Neb. 792; *State v. Farmers State Bank,* 112 Neb. 474) ; that the law recognizes the existence of a *locus pœnitentiæ,* looks with favor upon a cessation of evil doing *(State v. Farmers State Bank,* 112 Neb. 788; *State v. American Exchange Bank,* 112 Neb. 834; *State v. Newcastle State Bank,* 114 Neb. 389) ; and refuses to apply the Semitic law by visiting the sins of the father upon the children. U. S. Const. art. I, sec. 9."

If, even to the repentent sinner, this court extends the benefits of the rule last announced by Redick, D. J., certainly the claimant who has done no wrong, who possesses no knowledge of wrongdoing, whose every act has been strictly in conformity with the law, is not to be punished by invalidating the renewals it makes, by reason of the fact that, in a transaction out of which the original certificate of indebtedness was born, irregularities occurred of which claimant knew nothing, but which, as to the original certificate only, rendered it an improper claim against the state guaranty fund. The subsequent dealings, extending over a period of more than two years, would seem to effectively purge the original transaction of the effects of the sin which could not be repented by claimant because unknown to it.

It follows that, in view of the circumstances under which these renewals were made by the Macy bank while it was yet a "going concern" in full exercise of its charter powers, with its business controlled and carried on by its duly appointed officers, the transaction is purged of the taint of illegality which may have attached to the original certificate, and the claim, based on a subsequent renewal thereof, was strictly within the protection of the guaranty act.

The action of the district court, therefore, in denying its allowance was erroneous, for which reason the judg-

ment of the district court is reversed and the cause re-manded.

REVERSED.