STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. FARMERS BANK OF CRAWFORD ET AL., APPELLANTS: FRANK L. HALL, CLAIMANT, APPELLEE.

FILED FEBRUARY 13, 1928. No. 25377.

446

C. M. *Skiles*, Homer L. *Kyle*, Allen G. *Fisher* and Samuel L. *O'Brien*, for appellants.

J. E. *Porter*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOOD, J.

From a judgment of the district court, finding and decreeing a claim of Frank L. Hall against the failed Farmers Bank of Crawford, Nebraska, and its receiver to be entitled to preference and payable from the depositors' guaranty fund, the bank and its receiver appeal.

The claim is based on a certificate of deposit issued to Mrs. R. S. Q. Hamaker while the bank was operating as a going concern. For a valuable consideration she assigned and transferred the certificate to Hall, the claimant. The receiver of the bank, by his written objections, resisted payment of the claim upon the ground that Mrs. Hamaker was a stockholder of the bank at the time the certificate was issued, and that the claim was subject to a setoff on account of her double liability as a stockholder.

In this court the only question presented and relied on for reversal is whether the certificate of deposit represents a *bona fide* deposit of cash, or its equivalent, placed in or at the command of the bank; and whether the certificate of deposit represents such a claim as falls within the protection of the depositors' guaranty fund.

The receiver advances two propositions of law: (1) That the transfer of a certificate of deposit, even to an innocent

purchaser for value, cannot bring it under the protection of the bank guaranty law, if the original deposit was not so protected; and (2) that an obligation of a state bank which does not represent a *bona fide* deposit cannot be brought under the protection of the guaranty fund merely by converting the form of the obligation into a certificate of deposit.

Both of these propositions are well-established rules in this jurisdiction and are so conceded by counsel for claimant, but the question arises as to whether the facts in this case give rise to the application of these principles of law.

On the 7th of June, 1921, one Kleeman deposited in the Farmers Bank $7,000 and took therefor two certificates of deposit, which certificates, on their face, bore interest at 5 per cent. per annum. It is admitted, however, that Kleeman received an additional rate of interest, greater than 5 per cent., on these certificates, and that they were therefore without the protection of the depositors' guaranty fund. On the 31st of December 1921, these certificates were renewed and two other certificates were issued to Kleeman, one for $2,000 and one for $5,000, which, on their face, bore interest at 5 per cent. The record does not disclose whether there was any agreement or understanding that he should have an additional rate of interest upon these renewal certificates.

On the 2d day of May, 1922, the department of trade and commerce caused the bank to close its doors, but no application for a receiver was made. Up to this time no interest had been paid to Kleeman on the renewal certificates of deposit. Negotiations were entered into, after the doors of the bank were closed, for its reopening and continuing in business. The department of trade and commerce, as a condition to reopening, required that all certificates of deposit which had been drawing a rate of interest in excess of 5 per cent. should be made a direct obligation of the bank and be without the protection of the guaranty fund, and that such claims should be called nominally, "bank bills payable." Pursuant to this agree-

ment and on the 8th day of June, 1922, the bank was re-opened and there were issued to Mr. Kleeman in lieu of his certificates of deposit, three bills payable, aggregating $7,000 and drawing interest at 5 per cent. from the 31st day of December, 1921, being the date of renewal certificates, and payable one year from the 8th of June, 1922. Mr. Kleeman transferred one of these bills payable for $3,000 for a valuable consideration to Mrs. Hamaker, who, on the 6th day of June, 1923, presented the same to the bank for payment; interest thereon was calculated at the rate of 5 per cent. from December 31, 1921, and she surrendered the bill payable and received therefor a certificate of deposit for the amount of the bill payable, with interest at 5 per cent. which aggregated $3,215. This certificate draws interest from its date at 5 per cent. per annum.

It appears that, as a condition to permitting the bank to open again for business free from its control, the department required the stockholders to pay an assessment upon their stock of 100 per cent. This assessment was paid at about the same time that Mrs. Hamaker exchanged the bill payable for the certificate of deposit in controversy. At that time the bank was a going concern. The department of trade and commerce found and determined that the bank was solvent and permitted it to thereafter transact business, free from the department's control.

It is obvious that Hall occupies the same position as would Mrs. Hamaker if she had retained ownership and possession of the certificate of deposit. His rights are no greater and no less than hers would have been. It is also apparent that Mrs. Hamaker's rights are no greater than would have been the rights of Mr. Kleeman, had he retained the bill payable and exchanged it for the certificate of deposit. What then are, or would have been, the rights of Kleeman, had the certificate been issued to him in lieu of and for the bill payable? Clearly, he was, in the first instance, a depositor in the bank, but his deposit was without the protection of the guaranty fund

because he was contracting for and receiving an excess rate of interest thereon. At the time he surrendered that certificate, evidencing his deposit, he took another piece of paper, called a "bill payable," but which is not in evidence, and the form or wording of which is not disclosed by the record.

It may be that the bill payable, although it drew only 5 per cent., was not protected by the guaranty fund because it was taken with the understanding and agreement that it should not be so protected. This question we find it unnecessary to determine. Had Kleeman exchanged the so-called bill payable for a certificate of deposit, while the bank was a going concern, and which did not draw an excess rate of interest, nor violate any other provision of the guaranty fund law, it seems clear he would have held a deposit, within the protection of the guaranty fund, under the rulings of this court in the cases hereinafter referred to. The transaction, as we view it, is the same as though he had retained his original certificate of deposit until it was exchanged for a new one which did not transgress any provision of the guaranty fund law.

This court has heretofore held in *State v. American Exchange Bank,* 114 Neb. 626: "Where interest at a greater rate than 5 per cent. has been paid by a state bank upon certificates of deposit, but such practice is abandoned while the bank is a going concern, certificates in renewal at 5 per cent., upon which a greater rate is not paid nor contemplated, may be proper charges against the bank guaranty fund."

In *State v. American Exchange Bank,* 112 Neb. 834, it was stated in the third paragraph of the syllabus: "When money is deposited in a state bank and certificate of deposit issued therefor drawing 6 per cent., and afterwards, while the bank is a going concern, in ordinary course of business, such certificate is surrendered and new certificate issued in lieu thereof drawing 5 per cent., *held,* that, on subsequent failure of the bank, ordinarily the latter is entitled to be paid out of the depositors' guaranty

fund." A like ruling was made in *State v. Citizens State Bank,* 114 Neb. 867, *State v. Farmers State Bank,* 112 Neb. 788, and *State v. Wayne County Bank,* 112 Neb. 792.

The facts bring the instant case within the rule above announced. The district court rightly found and determined that the claim in controversy was entitled to a preference and payable from the depositors' guaranty fund.

The judgment is

AFFIRMED.