STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
FARMERS STATE BANK OF ERICKSON, APPELLANT:
ELKHORN LIFE & ACCIDENT INSURANCE
COMPANY OF NORFOLK, APPELLEE.

FILED JULY 5, 1929. No. 26674.

*C. M. Skiles, I. D. Beynon* and *Lanigan & Lanigan,* for appellant.

*Jack Koenigstein, contra.*

Heard before GOSS, C. J., GOOD, THOMPSON, EBERLY and DAY, JJ., and CHASE and REDICK, District Judges.

REDICK, District Judge.

This is a controversy between Elkhorn Life & Accident Insurance Company, claimant, and the Farmers State Bank of Erickson. November 1, 1925, the bank issued to claimant certain certificates of deposit for full consideration, but under circumstances contravening the bankers' guaranty fund law. On January 15, 1926, the bank was in a failing condition and was taken over by the department of trade and commerce, with Howard Guilfoil, special agent, in charge; and a receiver was appointed February 17, 1927. May 17, 1926, claimant sent the certificates to the bank for renewal, with a letter of transmittal containing the follow-

ing: "A new certificate for this amount for a period of six months at your regular rate of interest, deposited by and payable to M. L. Koehn, together with draft for accrued interest on the certificate inclosed, will be acceptable, upon the understanding that this deposit is made and accepted without any collateral agreement or condition other than that set forth in the certificate of deposit." Renewals in usual form were thereupon issued, signed "Howard Guilfoil, Special Agent." The certificates were again renewed in the same manner November 21, and December 21, respectively. The certificates in each case were issued to M. L. Koehn, an officer of claimant company, but claimant was at all times the owner thereof. The claims were allowed by the district court against the bank and ordered paid out of the depositors' guaranty fund; and from the latter allowance the receiver appeals.

Only one question is presented on this appeal, and that is whether or not the issuance of the renewal certificates on May 21, 1926, in response to claimant's letter, and the subsequent renewals thereof constituted an abandonment of the collateral agreement under which the original certificates were issued November 1, 1925, thus purging the transaction of its original taint and making the deposits a charge against the guaranty fund. This question must be answered in the negative. It has been held a number of times by this court that ordinarily a receiver takes charge of banking affairs where the bank left them, and, in the absence of fraud, mistake or violation of law, cannot open closed transactions which would conclude the bank if solvent. *State v. Farmers State Bank,* 112 Neb. 788; *State v. South Fork State Bank,* 112 Neb. 623. The same principle is applicable to the department of trade and commerce when it takes over an insolvent bank. The effect of these holdings is that the rights of the bank and depositors are fixed at the time the department takes possession. If, at that time, a certain item is not a charge against the guaranty fund, its status with relation to that fund is fixed.

In the situation shown by the record, the special agent

had no power to subject the guaranty fund to the claim in suit, and therefore none to accept the condition contained in claimant's letter. If the rule were otherwise, it would be a very simple matter, after a bank had failed, to subject the fund to the payment of all deposits, regardless of the circumstances of their origin, by the simple issuance of renewals.

Claimant cites *State v. Newcastle State Bank*, 114 Neb. 389, *State v. Wayne County Bank*, 112 Neb. 792, and *State v. American Exchange Bank*, 112 Neb. 834, all of which were cases in which renewal of certificates were held valid in consequence of an abandonment of the unlawful contract from which they originated; but in all those cases the abandonment took place prior to the failure of the bank and its taking over by the department or the appointment of a receiver, and in two of those cases direct evidence of a new contract at the time of the renewal was presented, and in the third abandonment was clearly inferred from the circumstances.

It follows that the judgment of the district court must be reversed in so far as the allowance of the claim against the guaranty fund is concerned, but in all other respects it is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.

GOOD, J., dissents to the rule announced in the second paragraph of the syllabus.